UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER, | 1:12-cv-01516-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | (Doc. 13.) |
| KVSP WARDEN, et al., | ORDER EXTENDING TIME FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT |
| Defendants. | NEW DEADLINE: JANUARY 7, 2013 |

## I.  BACKGROUND

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 14, 2012.  (Doc. 1.)  On September 18, 2012, the Court entered an order striking the Complaint for lack of signature, with leave to amend.  (Doc. 4.)  On October 4, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 8.)  The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915 and entered an order on October 24, 2012, dismissing the First Amended Complaint for failure to state a claim, with leave to file a Second Amended Complaint. (Doc. 12.)  On November 19, 2012, Plaintiff filed a motion for reconsideration of the Court's order.  (Doc. 13.)

///

1

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

**Discussion**

Plaintiff disagrees with the Court's assessment of his claims.  Plaintiff has not presented the Court with newly discovered evidence or shown that the Court committed clear error in screening the First Amended Complaint.  Therefore, Plaintiff's motion for reconsideration shall be denied.  Plaintiff's remedy at this juncture is to file a Second Amended Complaint, curing the deficiencies in the First Amended Complaint identified in the Court's order of October 24, 2012.  After the Second Amended Complaint is filed, the Court must screen it to determine if Plaintiff has stated any cognizable claims.  Plaintiff is advised that his case cannot proceed until the Court has completed the screening process and found that Plaintiff states a cognizable claim.  Plaintiff shall be granted additional time in which to prepare and file the Second Amended Complaint.

III. **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on November 19, 2012, is DENIED;
2. Plaintiff is granted an extension of time until January 7, 2013 in which to file an Second Amended Complaint in compliance with the Court's order of October 24, 2012; and
3. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   **December 6, 2012**            /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE