UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE BEALER,<br><br>           Plaintiff,<br><br>    vs.<br><br>KVSP WARDEN, et al.,<br><br>           Defendants. | 1:12-cv-01516-AWI-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. 16.)<br><br>THIRTY DAY DEADLINE TO FILE A THIRD AMENDED COMPLAINT |

**I.      BACKGROUND**

      Antoine Bealer ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 14, 2012.  (Doc. 1.)  On October 4, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 8.)  On October 24, 2012, the court issued an order dismissing the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 12.)  On January 2, 2013, Plaintiff filed the Second Amended Complaint.  (Doc. 15.)

      Now pending before the court is Plaintiff's motion to amend the complaint, filed on September 16, 2013.  (Doc. 16.)

**II.     RULE 15(a) - LEAVE TO AMEND**

      Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here, because Plaintiff has already amended the complaint twice, Plaintiff requires leave of court to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### A. Plaintiff's Motion

Plaintiff seeks to amend the complaint to add a request for injunctive relief.  Plaintiff alleges that when he was assaulted and placed in administrative segregation, legal documents were taken from him and never returned.  Plaintiff wishes to request, as additional relief sought in the complaint, the return of his legal property.

### B. Discussion

In the Second Amended Complaint, Plaintiff alleges that he was denied single-cell status, assaulted by correctional officers, denied adequate medical care, and placed in administrative segregation where he was not provided with sufficient clothing, bedding, a toothbrush, or eating utensils.  Now, Plaintiff also alleges that his legal property was taken from him when he was place in administrative segregation.

Plaintiff's case has been pending for approximately one year, since September 14, 2012.  The delay in litigation will be further extended if plaintiff is granted leave to amend.  However, given that the complaint has not been served, and no other party has appeared in the action, amending the complaint at this stage of the proceedings will not unduly prejudice the opposing

///

party. The court finds no evidence of bad faith or futility. Therefore, in the interest of justice, Plaintiff's motion to amend shall be granted.

**IV.     CONCLUSION AND ORDER**

Plaintiff shall be granted leave to file a Third Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones, 297 F.3d at 934 (emphasis added). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 554 (citations omitted).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after September 14, 2012. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on September 14, 2012. Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is reminded that an amended complaint supercedes the [prior] complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed on September 16, 2013, is GRANTED;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Third Amended Complaint;
4. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:12-cv-01516-AWI-GSA-PC;
5. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
6. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **September 17, 2013**                   **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE