UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTWOINE BEALER, | 1:12-cv-01516-AWI-GSA-PC |
|---|---|
| Plaintiff, | ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (Doc. 19.) |
| vs. | |
| KVSP WARDEN, et al., | |
| Defendants. | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, FOR LACK OF JURISDICTION (Doc. 18.) |
| | THIRTY DAY DEADLINE TO FILE FOURTH AMENDED COMPLAINT |

I.      **BACKGROUND**

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 14, 2012. (Doc. 1.) On September 18, 2012, the court issued an order striking the Complaint for lack of signature. (Doc. 4.) On October 4, 2012, Plaintiff filed the First Amended Complaint. (Doc. 8.) The court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on October 24, 2012, dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On January 2, 2013, Plaintiff filed the Second Amended Complaint. (Doc. 15.) On September 16,

2013, Plaintiff filed a motion to amend the complaint, which was granted by the court on September 17, 2013. (Docs. 16, 17.) On October 21, 2013, Plaintiff filed a motion for preliminary injunctive relief. (Doc. 18.) On October 21, 2013, Plaintiff filed the Third Amended Complaint. (Doc. 19.)

Plaintiff's Third Amended Complaint is now before the court for screening. Also before the court is Plaintiff's motion for preliminary injunctive relief.

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

///

**III.   SUMMARY OF THIRD AMENDED COMPLAINT**

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, where the events at issue in the Third Amended Complaint allegedly occurred. Plaintiff names as defendants the Warden of KVSP, Associate Warden P. Denny, Sergeant R. Brannum, Sergeant Epperson, Correctional Officer (C/O) S. Rios, and Jane Doe (Nurse). Plaintiff's factual allegations consist of the following, in their entirety:

> On November 1st, 2010; I was assaulted by Correctional Officers Brannum and Rios on the upper A-Yard while being escorted to the Program Office to be processed for administrative segregation for refusing a cell mate. They falsified their reports and charged me with assault. Correctional Sergeant Epperson subjected me to unnecessary pain by refusing to remove the handcuffs from my wrists and sexually and emotionally assaulted me. The Nurse refused to acknowledge all of my injuries, the severity of them, and did not document them. P. Denny subjected me to continual cruel and unusual punishment while unjustly in administrative segregation, by denying me clothing, a sheet and blanket, eating utensils and a toothbrush. The Warden is responsible for my safety and security, as well as the daily operations of the prison.

(Third Amd Cmp, Doc. 3 ¶IV.)  Plaintiff requests monetary damages and injunctive relief.

**IV.   PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the

3

Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44).

### A. Vague and Conclusory Allegations – Rule 8(a)

The court finds the allegations in Plaintiff's complaint vague and conclusory and has therefore determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

### B. Supervisory Liability

Plaintiff names defendants who hold supervisory positions, such as the Warden and Associate Warden. Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479

F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676.

Plaintiff does not allege any personal acts by the Warden or Associate Warden in the complaint. Plaintiff only states that "[t]he Warden is responsible for my safety and security, as well as the daily operations of the prison." (Third Amd Cmp, Doc. 3 at 3 ¶IV.) This is not sufficient to state a claim. Plaintiff fails to state any claims against the Warden, Associate Warden, or any other defendant, based upon supervisory liability.

### C. Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and

unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff alleges that he was assaulted by defendants Sergeant Brannum and C/O Rios while being escorted to the Program Office. Plaintiff also alleges that defendant Sgt. Epperson subjected him to unnecessary pain by refusing to remove handcuffs from Plaintiff's wrists. These allegations are insufficient to state a claim for excessive force. Plaintiff's allegations are conclusory and do not describe force used upon Plaintiff which was excessive under the circumstances. To state a claim, Plaintiff must allege facts explaining the circumstances under which force was used and describing how each defendant acted. Therefore, Plaintiff fails to state a claim against any of the defendants for excessive force in violation of the Eighth Amendment. Plaintiff shall be granted leave to amend this claim.

### D. Assault

Plaintiff alleges that defendants Sergeant Brannum and C/O Rios assaulted him. Plaintiff is advised that violation of state tort law, such as assault, is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

### E. Due Process

Plaintiff claims that defendants Brannum and Rios falsified reports, charged him with assault, and caused him to be unjustly housed in administrative segregation. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself

or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation.  See Hewitt 459 U.S. at 466-68; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Plaintiff alleges that he was subject to confinement in administrative segregation and denied clothing, a sheet and blanket, eating utensils, and a toothbrush.  Plaintiff has not alleged sufficient facts for the court to determine the severity of Plaintiff's hardships.  For example, Plaintiff has not alleged how long he was left without any clothing or other items, or under what circumstances.   Plaintiff has not established the existence of a protected liberty interest and therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process

**F.      Sexual Assault and Emotional Assault – by Jane Doe Defendant**

Plaintiff alleges that he was subjected to sexual and emotional assault by the unnamed defendant Nurse.  "'After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'"  Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir.1993) (en banc).  The alleged pain may be physical or psychological.  Id. (citing see,

e.g., Jordan, 986 F.2d 1521). Nevertheless, the "'inmate must objectively show that he was deprived of something 'sufficiently serious.'" Id. (citing Foster v. Runnels, 554 F.3d 807, 812 (9th Cir.2009) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994)). The exchange of verbal insults does not violate the Eighth Amendment. Id. (citing Somers v. Thurman, 109 F.3d 614, 622 (9th Cir.1997). "Moreover, not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Id. at 13 (quoting Hudson, 503 U.S. at 9.

Plaintiff states no factual allegations of personal acts by the Nurse that constitute sexual or emotional assault. Therefore, Plaintiff fails to state a claim for sexual or emotional assault against the Nurse.

Moreover, Plaintiff is advised that unidentified, or "Jane Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John [or Jane] Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### G. Adverse Conditions of Confinement – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9. In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a

viable Eighth Amendment claim.  <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. <u>Id.</u> at 731.

Plaintiff alleges that he was denied clothing, a sheet and blanket, eating utensils, and a toothbrush.  The denial of adequate clothing may, under certain circumstances, rise to the level of an Eighth Amendment violation.  <u>Walker v. Sumner</u>, 14 F.3d 1415, 1421 (9th Cir. 1994). The Eighth Amendment guarantees sanitation, <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982), including personal hygiene supplies such as soap and toothpaste, <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir. 1996).  However, the Constitution only requires a prison to provide a prisoner with "adequate" hygiene, <u>Hoptowit</u>, 682 F.2d at 1246, and "'[T]he circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred,'" <u>Hearns v. Terhune</u>, 413, F.3d 1036, 1042 (9th Cir.2005) (quoting <u>Johnson</u>, 217 F.3d at 731).

Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. Plaintiff has not described sufficiently serious deprivations.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve the "wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).

**H.     Inadequate Medical Treatment – Eighth Amendment Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds by WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a

prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff states that "[t]he Nurse refused to acknowledge all of my injuries, the severity of them, and did not document them." (Third Amd Cmp at 3 ¶IV.)  These allegations do not contain sufficient facts to state a medical claim under the Eighth Amendment.  Plaintiff has not alleged facts showing that the Nurse knew of an excessive risk of serious harm to Plaintiff's health or safety and personally acted, or failed to act, while deliberately disregarding the risk.

I.      **Motion for Preliminary Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v.

Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff has filed a motion requesting to be classified as a single cell inmate.  In light of the fact that this order shall dismiss Plaintiff's Third Amended Complaint for failure to state a claim, with leave to file a Fourth Amended Complaint which will supercede the Third Amended Complaint, the court does not have before it an actual case or controversy at this juncture, nor does the court have jurisdiction over any of the defendants in this action.  Zepeda, 753 F.2d at 727.  Accordingly, Plaintiff's motion for preliminary injunctive relief shall be denied for lack of jurisdiction.

///

///

///

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Third Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. Therefore, the Third Amended Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file a Fourth Amended Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a Fourth Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. As discussed above, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should name each defendant and explain how each named defendant personally acted, or failed to act, resulting in a violation of Plaintiff's constitutional rights.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding unrelated issues arising after the initiation of this suit on September 14, 2012. In addition, Plaintiff should take care to include only those claims that have been exhausted.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

titled "Fourth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Third Amended Complaint, filed on October 21, 2013, is DISMISSED for failure to state a claim, with leave to amend;
2. Plaintiff's motion for preliminary injunctive relief, filed on October 21, 2013, is DENIED for lack of jurisdiction;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;
5. Plaintiff shall caption the amended complaint "Fourth Amended Complaint" and refer to the case number 1:12-cv-01516-AWI-GSA-PC; and
6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **March 4, 2014**                              **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE