UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>        Plaintiff,<br><br>    vs.<br><br>KVSP WARDEN, et al.,<br><br>        Defendants. | 1:12-cv-01516-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED AGAINST DEFENDANTS RIOS AND BRANNUM FOR USE OF EXCESSIVE FORCE, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FROM THIS ACTION FOR PLAINTIFF'S FAILURE TO STATE A CLAIM<br>(Doc. 21.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.   BACKGROUND

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 14, 2012. (Doc. 1.) On September 18, 2012, the court issued an order striking the Complaint for lack of signature. (Doc. 4.) On October 4, 2012, Plaintiff filed the First Amended Complaint. (Doc. 8.) The court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on October 24, 2012, dismissing the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On January 2, 2013, Plaintiff filed the Second Amended Complaint. (Doc. 15.) On September 16,

1

2013, Plaintiff filed a motion to amend the complaint, which was granted by the court on September 17, 2013. (Docs. 16, 17.) On October 21, 2013, Plaintiff filed the Third Amended Complaint. (Doc. 19.) The court screened the Third Amended Complaint and issued an order on March 4, 2014, dismissing the Third Amended Complaint for failure to state a claim, with leave to amend. (Doc. 20.) On March 28, 2014, Plaintiff filed the Fourth Amended Complaint, which is now before the court. (Doc. 21.)

## II.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

///

### III. SUMMARY OF FOURTH AMENDED COMPLAINT

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, where the events at issue in the Fourth Amended Complaint allegedly occurred. Plaintiff names as defendants the Warden of KVSP, Associate Warden P. Denny, Sergeant R. Brannum, Sergeant Epperson, Correctional Officer (C/O) S. Rios, and Jane Doe (Correctional Nurse). Plaintiff's factual allegations consist of the following, in their entirety:

> On November 1st, 2010, Officers Rios and Brannum were escorting me to the Program Office for refusing a cell mate. Officer Brannum said to me repeatedly, "You're running the yard now?!" I asked him what he was talking about. Shortly after, I was pushed/thrown to the ground and Officer Brannum said, "Sometimes we think that we are being tough, then we find out that we are not so tough," while my arms were being bent in awkward positions and knees were being placed in my back and on my legs. After, I was placed in the cage inside the Program Office. I asked Officer Epperson if he could remove the handcuffs from my wrists and legs. He replied, "I don't give a f--- about you." I stated that he would not say that on the report. He then said, "You can tell them that I told you to suck my sweaty salty s---." I responded that I would. While the nurse was examining me, I noticed that she was not marking down my injuries or recording that they were bleeding. I questioned her as to why, and she replied that she did not see anything. After I had been in ASU (Administrative Segregation Unit) for approximately 7 months, Associate Warden P. Denny placed me on behavior modification for again refusing a cell mate, and all of my property was taken, including eating utensils, hygiene products, sheets, blankets, and t-shirts.

(Fourth Amd Cmp, Doc. 21 at 3-4 ¶IV.) Plaintiff requests monetary damages and injunctive relief.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the

///

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44).

### A. Supervisory Liability

Plaintiff names defendants who hold supervisory positions, such as the Warden and Associate Warden. Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676.

///

Plaintiff does not allege any personal acts by the Warden or Associate Warden in the Fourth Amended Complaint. Therefore, Plaintiff fails to state any claims against the Warden, Associate Warden, or any other defendant, based upon supervisory liability.

### B. Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff states a cognizable claim in the Fourth Amended Complaint against defendants Sergeant Brannum and C/O Rios for use of excessive force in violation of the Eighth

Amendment. However, Plaintiff fails to state an excessive force claim against any of the other defendants.

### C.     Confiscation of Personal Property

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that when he was confined in administrative segregation, all of his property was taken from him, including eating utensils, hygiene products, sheet, blankets, and t-shirts. Plaintiff does not name a defendant who took the property, or whether he was permanently deprived of the property. To the extent that the deprivation of property was

intentional and unauthorized, Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

### D.     Adverse Conditions of Confinement – Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9. In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

Plaintiff alleges that when he was confined in administrative segregation, all of his property was taken from him, including eating utensils, hygiene products, sheet, blankets, and t-shirts. The denial of adequate clothing may, under certain circumstances, rise to the level of an Eighth Amendment violation. Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994). The Eighth Amendment guarantees sanitation, Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), including personal hygiene supplies such as soap and toothpaste, Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996). However, the Constitution only requires a prison to provide a prisoner with "adequate" hygiene, Hoptowit, 682 F.2d at 1246, and "'[T]he circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred,'" Hearns v. Terhune, 413, F.3d 1036, 1042 (9th Cir. 2005) (quoting Johnson, 217 F.3d at 731).

Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. Plaintiff has not described sufficiently serious deprivations. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve the "wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

### E. Inadequate Medical Treatment – Eighth Amendment Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not

violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff alleges that when the Jane Doe Nurse examined him after he was assaulted, she did not mark down his injuries or record that he was bleeding, stating that she did not see anything. Plaintiff has not alleged facts showing that the Nurse's conduct caused him any harm. Therefore, Plaintiff fails to state a medical claim against the Jane Doe Nurse.

### F.  Sexual Harassment or Verbal Harassment

Plaintiff alleges that defendant Epperson harassed him by suggesting that Plaintiff should "suck my sweaty salty s---." (Fourth Amended Cmp at 3 ¶IV.) To the extent that Plaintiff claims that he was subject to sexual harassment, Plaintiff fails to state an Eighth Amendment claim. "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc)). "The alleged pain may be physical or psychological." (Id.) "Nevertheless, the inmate must objectively show that he was deprived of something 'sufficiently serious.'" Watison at 1112 (internal quotation marks and citations omitted). Any "humiliation" Plaintiff allegedly suffered from the incident with defendant Epperson "does not rise to the level of severe psychological pain required to state an Eighth Amendment claim." Watison at 1113.

To the extent that Plaintiff claims he was subject to verbal harassment, Plaintiff also fails to state a claim. Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Watison, 668 F.3d at 1113; accord Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

///

Therefore, Plaintiff fails to state a claim against defendant Epperson for sexual or verbal harassment.

## V.    CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Fourth Amended Complaint states a cognizable claim against defendants Sergeant Brannum and C/O Rios for use of excessive force in violation of the Eighth Amendment.  However, Plaintiff fails to state any claims under § 1983 against any of the other defendants.  In this action, the Court previously granted Plaintiff multiple opportunities to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed five complaints in this action.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that this action proceed with the Fourth Amended Complaint filed on March 28, 2014, against defendants Sergeant Brannum and C/O Rios for use of excessive force in violation of the Eighth Amendment, and that all other claims and defendants be dismissed from this action for Plaintiff's failure to state a claim under § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 7, 2014**              **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE