UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>            Plaintiff,<br><br>      vs.<br><br>KVSP WARDEN, et al.,<br><br>            Defendants. | 1:12-cv-01516-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, FOR LACK OF JURISDICTION<br>(Doc. 29.) |

**I.      BACKGROUND**

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 14, 2012.  (Doc. 1.)

On March 28, 2014, the Fourth Amended Complaint.  (Doc. 21.)  On May 8, 2014, the court issued findings and recommendations, recommending that this action proceed on the Fourth Amended Complaint, on the claims found cognizable by the court.  (Doc. 22.)  On June 11, 2014, Plaintiff filed objections to the findings and recommendations, requesting leave to file a Fifth Amended Complaint.  (Doc. 24.)  The findings and recommendations are now under consideration by the District Judge.

On September 15, 2014, Plaintiff filed a motion for preliminary injunctive relief.  (Doc. 29.)

1

**II      MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff has filed a motion requesting to be classified as a single cell inmate. Because the court's findings and recommendations are pending, and Plaintiff has filed objections, there is presently no complaint on file for which this case can proceed, and therefore there is no case or controversy before the court. Moreover, the court does not yet have jurisdiction over any of the defendants in this action. Zepeda, 753 F.2d at 727. For these reasons, Plaintiff's motion for preliminary injunctive relief must be denied.

**III.     CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on September 15, 2014, is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **September 17, 2014**              **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE