# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER, | 1:12-cv-01516-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 22.) |
| vs. | ORDER FOR THIS ACTION TO PROCEED ONLY AGAINST DEFENDANTS RIOS AND BRANNUM FOR USE OF EXCESSIVE FORCE, AND DISMISSING ALL OTHER CLAIMS AND DEFENDANTS |
| KVSP WARDEN, et al., | |
| Defendants. | |

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 8, 2014, the Court entered findings and recommendations, recommending that this action proceed only against defendants Rios and Brannum on Plaintiff's claims for use of excessive force, and that all other claims and defendants be dismissed from this action based on Plaintiff's failure to state a claim. (Doc. 22.) On June 11, 2014, Plaintiff filed objections to the findings and recommendations. (Doc. 24.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file,

1

including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and proper analysis.

Plaintiff argues that his claims in the Fourth Amended Complaint are cognizable and should be allowed to proceed.  However, the information Plaintiff provides in the objections is not persuasive and does not demonstrate that his claims for supervisory liability, confiscation of personal property, adverse conditions of confinement, inadequate medical treatment, or sexual harassment are cognizable under § 1983.

Plaintiff argues that he should be granted leave to file a Fifth Amended Complaint.  It appears from the objections that Plaintiff seeks to add claims for retaliation and a violation of due process.  Plaintiff alleges as follows:  Plaintiff was placed in Ad-Seg on May 9, 2014, for refusing a cell mate.  After seven months in Ad-Seg, the Warden and Associate Warden placed him on behavior modification status for again refusing a cell mate, for filing inmate grievances, and for reporting that a cell mate had assaulted him.  Plaintiff was already in Ad-Seg for refusing a cell mate, but now all of his property was taken, including eating utensils, hygiene products, sheets, blankets, and t-shirts for ten days.  Plaintiff was not given a fair hearing concerning the behavior modification.

The court finds it futile to allow Plaintiff to amend the complaint to add retaliation and due process claims.[1]  Plaintiff fails to state a claim for retaliation because he has not alleged a connection between his protected conduct, the filing of inmate grievances, and the Defendants' decision to place him on behavior modification status.  To state a claim for retaliation, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).  Moreover, Plaintiff's allegation that he was placed on behavior modification status to influence him to change his mind about refusing a cell mate shows that the adverse action, behavior modification, advanced a

---

[1] "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires,'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)), courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

legitimate goal of the correctional institution.  Watison at 1115 (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985) (to state a claim, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution....")).  These deficiencies cannot be cured by amendment.

Plaintiff also fails to state a due process claim, because he cannot establish that he had a protected interest in his personal property or in avoiding the adverse conditions caused by confiscation of his personal property.  As Plaintiff was advised in the findings and recommendations, the unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment, because Plaintiff has a postdeprivation remedy under California law.  See Hudson v. Palmer, 468 U.S. 517, 532-33, n.13 (1984); also see Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).  (Order, Doc. 20 at 6-7 ¶C.)  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Plaintiff does not describe conditions during his limited ten-day deprivation of eating utensils, hygiene products, sheets, blankets, and t-shirts, that imposed an atypical and significant hardship in relation to the ordinary incidents of prison life.  The court finds that the deficiencies in Plaintiff's due process claim cannot be cured by amendment.

Based on the foregoing, the court finds it futile to grant Plaintiff leave to file a Fifth Amended Complaint, and therefore Plaintiff shall not be granted leave to amend.

III.    **CONCLUSION**

Accordingly, THE COURT HEREBY ORDERS that:

1.    The Findings and Recommendations issued by the Magistrate Judge on May 8, 2014, are ADOPTED in full;

///

2.     This action now proceeds on Plaintiff's Fourth Amended Complaint, filed on March 28, 2014, against defendants Sergeant R. Brannum and Correctional Officer S. Rios, for use of excessive force in violation of the Eighth Amendment;

3.     All remaining claims and defendants are DISMISSED from this action;

4.     Defendants Warden of KVSP, Associate Warden P. Denny, Sergeant Epperson, and Nurse Jane Doe are DISMISSED from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them under section 1983;

5.     The Clerk is DIRECTED to reflect the dismissal of defendants Warden of KVSP, Denny, and Epperson from this action on the Court's docket; and

6.     This case is referred back to the Magistrate Judge for further proceedings, including service of process.

IT IS SO ORDERED.

Dated:   October 29, 2014

_____

SENIOR  DISTRICT  JUDGE