UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>        Plaintiff,<br><br>   vs.<br><br>R. BRANNUM, et al.,<br><br>        Defendants. | 1:12-cv-01516-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS AND INJUNCTIVE RELIEF<br>(Doc. 40.) |

**I.     BACKGROUND**

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on September 14, 2012.  (Doc. 1.)  This case now proceeds on Plaintiff's Fourth Amended Complaint filed on March 28, 2014, against defendants Sergeant R. Brannum and Correctional Officer S. Rios, for use of excessive force in violation of the Eighth Amendment.  (Doc. 21.)

On February 6, 2015, Plaintiff filed a motion for stay of the proceedings in this action, and for injunctive relief. (Doc. 40.)

**II.     MOTION TO STAY**

Plaintiff requests a stay of the proceedings in this action until he has access to his property.  Plaintiff asserts that on December 16, 2014, he was released from Administrative

1

Segregation to the B Yard at Kern Valley State Prison, and was denied of his property and forced to send it to his mother's house.  Now Plaintiff asserts that he does not have the documents he needs to litigate this case, and he is unable to complete and file a Rule 60 motion he was preparing to submit in December 2014.

The Court does not lightly stay litigation, due to the possibility of prejudice to defendants.  There are currently no pending court deadlines in this action.  On December 10, 2014, the court issued an order directing the U. S. Marshals Service to serve process upon the defendants.  (Doc. 39.)  To date, there is no evidence on the court record that service has been completed, and no other parties have appeared in this action.  Plaintiff has not shown good cause for the court to stay the proceedings in this action.  If Plaintiff requires additional time to respond to any deadline that may arise in this action, he should file a motion for extension of time before the deadline expires.  The court routinely grants extensions of time when good cause is shown.  Based on the foregoing, Plaintiff's motion for stay shall be denied.

### III.   PRELIMINARY INJUNCTIVE RELIEF

Plaintiff also requests preliminary injunctive relief.  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

Plaintiff seeks a court order barring prison officials at KVSP from retaliating against him and hindering his access to the courts. The order Plaintiff seeks would not remedy any of the claims upon which this action proceeds. The events at issue in Plaintiff's Fourth Amended Complaint allegedly occurred in 2010 when he was assaulted by defendants Brannum and Rios. The order Plaintiff seeks would require present actions by persons who are not defendants in this action. Therefore, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

**IV.   CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to stay the proceedings in this case is DENIED; and
2. Plaintiff's motion for preliminary injunctive relief is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **February 9, 2015**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE