UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE BEALER,<br><br>            Plaintiff,<br><br>    vs.<br><br>R. BRANNUM, et al.,<br><br>            Defendants. | 1:12-cv-01516-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR LEGAL RECOGNITION (Doc. 49.) |

**I.    BACKGROUND**

Antoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On September 14, 2012, Plaintiff filed the Complaint commencing this action.  (Doc. 1.)  This case now proceeds with the Fourth Amended Complaint filed on March 28, 2014, against defendants Rios and Brannum for use of excessive force in violation of the Eighth Amendment.  (Doc. 21.)

On April 20, 2015, Plaintiff filed a request for legal recognition, which is now before the court.  (Doc. 49.)

**II.    PRELIMINARY INJUNCTIVE RELIEF**

The court lacks jurisdiction to grant Plaintiff's request.  Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is

1

bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

     Plaintiff requests privileges at the prison based on the fact that he represents himself in this case.  Because he is the attorney of record in this case, Plaintiff seeks to be granted the rights and privileges of an attorney.  Specifically, Plaintiff requests to be allowed to (1) send and receive legal and confidential correspondence that pertains to my case, from anyone; (2) use the telephone for legal purposes; (3) schedule attorney visits; (4) use his typewriter and/or a software program; and (5) access an adequate library.

     The court lacks jurisdiction to issue the order sought by Plaintiff, because such controversies are not before the court in this case.  As discussed above, federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471.  Here, Plaintiff's complaint concerns claims against defendants for use of excessive force. An order granting Plaintiff attorney privileges at the prison would not remedy any of the claims upon which this action proceeds.  Therefore, Plaintiff's request for legal recognition must be denied.

### III. CONCLUSION

     Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for legal recognition, filed on April 20, 2015, is DENIED.

IT IS SO ORDERED.

  Dated:   **April 23, 2015**                            **/s/ Gary S. Austin**
                                                                                                    UNITED STATES MAGISTRATE JUDGE