UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>           Plaintiff,<br><br>      vs.<br><br>R. BRANNUM, et al.,<br><br>           Defendants. | 1:12-cv-01516-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S RULE 56 MOTION TO DEFER RULING ON MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION WITHIN THIRTY DAYS<br>(Doc. 54.)<br><br>THIRTY-DAY DEADLINE |

**I.      BACKGROUND**

Antoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On September 14, 2012, Plaintiff filed the Complaint commencing this action. (Doc. 1.) This case now proceeds with the Fourth Amended Complaint filed on March 28, 2014, against defendants Rios and Brannum for use of excessive force in violation of the Eighth Amendment. (Doc. 21.)

On March 2, 2015, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of November 2, 2015, to complete discovery, and a deadline of January 11, 2016, to file dispositive motions. (Doc. 45.) This case is now in the discovery phase.

On April 13, 2015, Defendants filed a motion for summary judgment. (Doc. 52.) On May 11, 2015, Plaintiff filed an opposition to the motion. (Doc. 55.) On May 18, 2015, Defendants filed a reply. (Doc. 57.) The motion for summary judgment is pending.

On May 12, 2015, Plaintiff filed a motion for the court to defer its ruling on Defendants' motion for summary judgment until the discovery phase has concluded. (Doc. 54.) Plaintiff's motion to defer the court's ruling is now before the court.

## II.   RULE 56 – MOTION TO DEFER RULING ON MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose Defendants' motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. <u>Tatum v. City and County of Sacramento</u>, 441 F.3d 1090, 1100 (9th Cir. 2006); <u>Tuvalu v. Woodford</u>, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

### Discussion

Plaintiff seeks to defer the court's ruling on Defendants' summary judgment motion to allow more time for discovery. However, Plaintiff has not shown by affidavit or declaration, that, for specified reasons, he cannot present facts essential to justify his opposition. To defer the court's ruling, Plaintiff must submit a declaration[1] establishing the following: facts indicating a likelihood that controverting evidence exists as to a material fact; specific reasons why such evidence was not discovered or obtained earlier in the proceedings (i.e. "good cause'); the steps or procedures by which he proposes to obtain such evidence within a reasonable time; and an explanation of how those facts will suffice to defeat the pending

---

[1] The declaration must be dated and signed by Plaintiff, attesting under penalty of perjury to facts known by the declarant, in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct. Executed on_(date)_. (Signature)." Such a declaration, if properly prepared, is admissible in federal court with the same effect as an affidavit. 28 U.S.C. § 1746.

motion for summary judgment (i.e., to rebut the movant's allegations of no genuine issue of material fact).  <u>Tatum</u>, 441 F.3d at 1101.  Plaintiff has not submitted any declarations or offered any evidence that meets the above standard.  Therefore, Plaintiff's request to defer the court's ruling shall be denied, without prejudice to renewal of the motion within thirty days.

### III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Rule 56 motion to defer the court's ruling on Defendants' motion for summary judgment, filed on May 18, 2015, is DENIED, without prejudice to renewal of the motion within thirty days from the date of service of this order.

IT IS SO ORDERED.

Dated:    **May 21, 2015**                          **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE