UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE BEALER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>R. BRANNUM, et al.,<br><br>　　　　Defendants. | 1:12-cv-01516-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF COURT'S ORDER OF APRIL 23, 2015, WITH PREJUDICE<br>(Doc. 66.) |

**I.　　RELEVANT PROCEDURAL HISTORY**

　　Antoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On September 14, 2012, Plaintiff filed the Complaint commencing this action. (Doc. 1.) This case now proceeds with the Fourth Amended Complaint filed on March 28, 2014, against defendants Rios and Brannum for use of excessive force in violation of the Eighth Amendment. (Doc. 21.)

　　On March 2, 2015, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of November 2, 2015, to complete discovery, and a deadline of January 11, 2016, to file dispositive motions. (Doc. 45.) This case is now in the discovery phase.

On June 19, 2015, Plaintiff filed objections to the court's order issued on April 23, 2015, which denied Plaintiff's request for legal recognition. (Doc. 63.) The court construes Plaintiff's objections as a second motion for reconsideration of the court's order of April 23, 2015.[1]

## II.  MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already

---

[1] On April 20, 2015, Plaintiff filed a request for legal recognition, in which he requested privileges at the prison based on the fact that he represents himself in this case. (Doc. 49.) On April 23, 2015, the court denied Plaintiff's request based on the court's lack of jurisdiction to issue the order sought by Plaintiff. (Doc. 50.) On June 1, 2015, Plaintiff filed a motion for reconsideration of the court's order of April 23, 2015. (ECF No. 63.) The motion for reconsideration was denied on June 2, 2015. (ECF No. 64.)

considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied, with prejudice.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on June 19, 2015, is DENIED, with prejudice; and

2. The court shall not consider any further objections of, or motions for reconsideration of, the court's order of April 23, 2015 which denied Plaintiff's request for legal recognition.

IT IS SO ORDERED.

Dated:   **June 22, 2015**                      **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE