UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTWOINE BEALER,

Plaintiff,

vs.

R. BRANNUM, et al.,

Defendants.

1:12-cv-01516-AWI-GSA-PC

ORDER DENYING PLAINTIFF'S RENEWED MOTION TO DEFER RULING ON MOTION FOR SUMMARY JUDGMENT
(ECF No. 66.)

**I. BACKGROUND**

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On September 14, 2012, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) This case now proceeds with the Fourth Amended Complaint filed on March 28, 2014, against defendants Rios and Brannum for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 21.)

On March 2, 2015, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of November 2, 2015, to complete

[1] On October 29, 2014, the court issued an order dismissing all other claims and defendants from this action for Plaintiff's failure to state a § 1983 claim. (ECF No. 33.)

discovery, and a deadline of January 11, 2016, to file dispositive motions. (ECF No. 45.) This case is now in the discovery phase.

On April 13, 2015, Defendants filed a motion for summary judgment. (ECF No. 48.) On May 11, 2015, Plaintiff filed an opposition to the motion. (Doc. 55.) On May 18, 2015, Defendants filed a reply. (Doc. 57.) The motion for summary judgment is pending.

On May 12, 2015, Plaintiff filed a motion under Rule 56 for the court to defer its ruling on Defendants' motion for summary judgment. (ECF No. 54.) On May 21, 2015, the court denied the motion, without prejudice to renewal of the motion within thirty days. (ECF No. 58.) On June 12, 2015, Plaintiff filed a renewed motion, which is now before the court. (ECF No. 66.) Defendants have not filed an opposition to the renewed motion.

Plaintiff's renewed motion to defer the court's ruling on Defendants' motion for summary judgment is now before the court.

## II. RULE 56 – MOTION TO DEFER RULING ON MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose Defendants' motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

**Plaintiff's Motion**

Plaintiff seeks to defer the court's ruling on Defendants' summary judgment motion until after the discovery phase has concluded. Plaintiff seeks additional time to obtain evidence that his claim is not barred by Heck v. Humphrey, and that disputed material facts exist with respect to his excessive force claim. Plaintiff claims that Defendants have stalled the discovery process by failing to disclose information. Plaintiff declares that he served defense counsel

with a request for production of documents, interrogatories, and a request to depose the Defendants, but Defendants have not served responses to the interrogatories or disclosed discovery pursuant to Rule 26.

Plaintiff seeks to obtain discovery showing (1) the procedures for escorting an inmate from his assigned housing in the general population yard to administrative segregation for a rules violation, and (2) whether an officer is required to inform an inmate of the reason he is being removed from his assigned housing and given a direct order to "cuff up." (ECF No. 66 ¶9.) Plaintiff claims that this discovery will show a dispute of fact regarding Officer Rios' statement in the Rules Violation Report that "during the escort I informed Bealer that he was going to administrative segregation for refusing a cell mate" and Officer Brannum's declaration that handcuffs and the unclothed body search were not used as a form of retaliation for Plaintiff refusing a cell mate. Plaintiff declares that he was informed of the reason for the escort before the handcuffs were placed on him and before they left the building, whereas Officers Rios and Brannum state that Plaintiff was not informed until the escort was well underway and they were on the yard. Plaintiff argues that he can show that he was pushed to the ground and battered, "without the illegal use of the Heck rule." (ECF No. 66 ¶13.)

**Discussion**

This case now proceeds only against defendants Rios and Brannum for use of excessive force in violation of the Eighth Amendment. To defeat summary judgment, Plaintiff must present evidence that (1) the rule in Heck v. Humphrey does not bar him from pursuing the excessive force claim, and (2) a genuine dispute of material fact exists as to whether defendants Rios and Brannum used excessive force against him. Plaintiff has not identified how further discovery is likely to result in such evidence. Plaintiff argues that the parties dispute whether Defendants informed Plaintiff of the reason for his escort before or during the escort, but there is no explanation why this fact is material to Plaintiff's claim or how this fact will suffice to defeat the motion for summary judgment. Therefore, Plaintiff's renewed request to defer the court's ruling on Defendants' motion for summary judgment shall be denied.

///

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Rule 56 motion to defer the court's ruling on Defendants' motion for summary judgment, filed on June 12, 2015, is DENIED.

IT IS SO ORDERED.

Dated: **July 19, 2015**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE