UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER, | 1:12-cv-01516-AWI-GSA-PC |
| Plaintiff, | ORDER STRIKING SURREPLIES<br>(Docs. 62, 71.) |
| vs. | |
| R. HARRIS, et al., | |
| Defendants. | |

## I. BACKGROUND

Antoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On September 14, 2012, Plaintiff filed the Complaint commencing this action. (Doc. 1.) This case now proceeds with the Fourth Amended Complaint filed on March 28, 2014, against defendants Rios and Brannum for use of excessive force in violation of the Eighth Amendment. (Doc. 21.)

On April 13, 2015, Defendants filed a motion for summary judgment. (Doc. 48.) On May 11, 2015, Plaintiff filed a motion for writ of habeas corpus, which the court construed as an opposition to the motion for summary judgment.[1] (Doc. 55.) On May 18, 2015, Defendants filed a reply to Plaintiff's opposition. (Doc. 57.)

---

[1] Under Local Rule 230(l), Plaintiff's opposition was due within 21 days of the date Defendants' motion was served. Plaintiff filed his opposition on May 11, 2015, which was 28 days after the date Defendants' motion was served. However, based on the mailbox rule, the Court deems Plaintiff's opposition to be timely. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Plaintiff filed no other timely opposition to Defendants' motion for summary judgment.

On June 1, 2015, Plaintiff filed a response to Defendants' reply. (Doc. 62.) On July 6, 2015, Plaintiff filed another opposition to the motion for summary judgment. (Doc. 71.) The court construes Plaintiff's June 1st response and July 6th opposition as impermissible surreplies.

## II. SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

In this case, the Court neither requested any surreplies nor granted a request by Plaintiff to file any surreplies. Under Local Rule 230(*l*), Defendants' motion for summary judgment was deemed submitted, or fully briefed, on May 18, 2015, when Defendants filed their reply. Plaintiff has not shown good cause for the court to allow him to file any surreplies at this juncture. Therefore, the surreplies shall be stricken from the record.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's surreplies, filed on June 1, 2015 and July 6, 2015, are STRICKEN from the Court's record.

IT IS SO ORDERED.

Dated: __July 19, 2015__         __/s/ Gary S. Austin__
                                                    UNITED STATES MAGISTRATE JUDGE