UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>      Plaintiff,<br><br>   vs.<br><br>WARDEN OF KVSP, et al.,<br><br>      Defendants. | 1:12-cv-01516-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 78.) |

## I.   BACKGROUND

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On September 14, 2012, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  This case now proceeds with the Fourth Amended Complaint filed on March 28, 2014, against defendants Correctional Officer (C/O) S. Rios and Sergeant (Sgt.) Brannum ("Defendants"), for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 21.)

On February 26, 2015, Defendants filed an Answer to the complaint.  (ECF No. 44.)  On March 2, 2015, the court issued a Discovery and Scheduling Order, setting pretrial

---

[1] On October 29, 2014, the court issued an order dismissing all other claims and defendants from this action for Plaintiff's failure to state a § 1983 claim.  (ECF No. 33.)

1

deadlines for the parties, including deadlines of September 2, 2015 to amend pleadings, November 2, 2015 to complete discovery, and January 11, 2016 to file dispositive motions. (ECF No. 45.)  This case is presently in the discovery phase.  On April 13, 2015, Defendants filed a motion for summary judgment, which is pending.  (ECF No. 48.)

On July 24, 2015, Plaintiff filed a motion for leave to amend the complaint.  (ECF No. 78.)  On July 30, 2015, Defendants filed an opposition to the motion.  (ECF No. 79.)  On September 8, 2015, Plaintiff filed a reply to the opposition.  (ECF Nos. 88, 89.)

## II.  PLAINTIFF'S REPLY TO THE OPPOSITION -- RULE 230(*l*)

Local Rule 230(*l*), which governs motions in prisoner cases, provides, in part:

> "Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion," and "[t]he moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition.  All such motions will be deemed submitted when the time to reply has expired."  L. R. 230(*l*).

Here, Defendants filed and served their opposition to Plaintiff's motion to amend on July 30, 2015.  (ECF No. 79.)  Therefore, under Rule 230(*l*), the deadline for Plaintiff to file a reply to the opposition was "not more than seven (7) days after" July 30, 2015, and Plaintiff's motion to amend was deemed submitted to the court on August 11, 2015.[2]  Plaintiff did not file and serve his reply to the opposition until September 8, 2015, nearly a month after the motion was deemed submitted.  Therefore, Plaintiff's reply to the opposition is untimely and shall not be considered.

## III.  LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

---

[2] Pursuant to Rule 6(d), "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)). Fed. R. Civ. P. 6(d).  Moreover, when the period is stated in days and the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c).  Therefore, Plaintiff had until Monday, August 10, 2015 to file his reply to Defendants' opposition, and Plaintiff's motion to amend was deemed submitted to the court on August 11, 2015.

Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Because Plaintiff has already amended the complaint more than once, and he does not have Defendants' consent to amend, Plaintiff requires leave of court to file a Fifth Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### A. Plaintiff's Motion to Amend

Plaintiff seeks to amend the complaint to add new allegations of retaliation and harassment. Plaintiff declares that "since I submitted the civil action, and especially after the Defendants were served, I have been harassed and retaliated against by other officers employed by CDCR." (Motion, ECF No. 78 at 10 ¶3.)

Plaintiff also seeks to clarify that he was not placed in administrative segregation for assault on a prison officer, and that he "did not plant his feet or attempt to head butt Rios." (Id. at 5 ¶¶6, 7.) Plaintiff also seeks to bring claims concerning his placement in administrative segregation and his detention on double cell status.

Plaintiff argues that an amended complaint would clarify the issues and eliminate any notion that the Heck v. Humphrey rule is applicable to his claims. Plaintiff declares that he "informed the court on approximately 3/31/15, 4/5/15 and other dates not listed of my inability to access the court, or rather access adequate legal materials." (Id. at 10 ¶2.) Plaintiff asserts that needs "time to prepare an adequate and professional brief." (Motion, Doc. 78 at 7.) Plaintiff also seeks to request unspecified injunctive relief.

### B. Defendants' Arguments

Defendants argue that further amendment of the complaint would unfairly prejudice them and unduly delay the litigation, and that granting the motion would be futile as the proposed amendments are vague, fail to state claims, and fail to comply with Local Rule 137(c).

Defendants assert that they have already expended resources preparing and filing a motion for summary judgment based on the <u>Heck</u> bar, the reasonableness of the amount of force used against Plaintiff to gain control of him after he attempted to assault Correctional Officer Rios, and qualified immunity, not to mention other litigation costs incurred since this case was filed on September 14, 2012. Defendants argue that allowing amendment of the complaint at this juncture would unduly delay the litigation, as time would be required for service on any new defendant. Defendants assert that Plaintiff has already had four opportunities to amend his complaint and has not explained why he has waited almost a year and a half since the Fourth Amended Complaint was filed and screened to seek further amendment.

Defendants argue that it would be futile to allow Plaintiff to amend, because Plaintiff's request to add a new cause of action against unnamed defendants contains only vague allegations which do not state a claim against any defendants. Defendants assert that besides an access to courts claim, Plaintiff seeks to add allegations that have already been screened out twice by this court for failing to state a claim.

Further, Defendants argue that Plaintiff fails to comply with Local Rule 137(c) which requires that any motion seeking leave of the court to file an amended complaint include a copy of the amended complaint as an exhibit to the motion.

### C. Discussion

First, Plaintiff shall not be permitted to add allegations to the complaint of events which occurred after this case was originally filed. Plaintiff cannot have exhausted his administrative remedies with regard to those allegations before filing suit, and under the PLRA, Plaintiff is not allowed to bring unexhausted claims. 28 U.S.C. § 1915(g). Moreover, the retaliation and

harassment claims which Plaintiff seeks to bring are unrelated to Plaintiff's present excessive force claims, and under Rule 18, may not be included in the same action. Fed. R. Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).")

Next, it would be futile for Plaintiff to amend the complaint to add his claims for deprivation of property or retaliation. Plaintiff's property claim was dismissed for failure to state a claim on October 29, 2014, and Plaintiff was advised in the court's order that he cannot establish that he has a protected interest in his personal property. (ECF No. 33.) Plaintiff was also advised that it would be futile to amend the complaint to add his retaliation and due process claims. (Id. at 2-3.) It would also be futile for Plaintiff to bring a motion for injunctive relief against officials at Kern Valley State Prison (KVSP). Any such motion is moot because Plaintiff is no longer incarcerated at KVSP and therefore is not subject to conduct by those officials. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982) (federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy).

Plaintiff seeks to add evidence to the complaint demonstrating that he was not placed in administrative segregation for assault on a prison officer, that he "did not plant his feet or attempt to head butt Rios," and that Heck v. Humphrey does not bar this action. This evidence addresses Defendants' arguments in the pending motion for summary judgment in which they argue that Plaintiff's claims are barred under Heck based on his assault conviction, and that the force used against Plaintiff was in reaction to his attempt to head-butt defendant Rios. At this stage of the proceedings, Plaintiff's arguments and evidence related to these issues belong in his opposition to the motion for summary judgment, not in an amended complaint.

Plaintiff's assertions that he is being held to the standard of an attorney and that he has not had time to prepare an adequate complaint are unpersuasive. Plaintiff has filed four different complaints in the past three years, and the court record shows that he regularly submits motions, requests, and other documents to the court for this action.

Finally, it would cause an undue delay in the litigation and prejudice to Defendants to allow Plaintiff to file a Fifth Amended Complaint. Defendants' motion for summary judgment was filed more than four months ago and is now submitted to the court for ruling. To allow amendment of the complaint at this juncture would cause further delay, and Plaintiff has not shown that the amendments he seeks would not be futile.

Based on the foregoing, the court finds that allowing Plaintiff to amend the complaint at this juncture would prejudice Defendants, produce an undue delay in the litigation, and be futile. Therefore, Plaintiff's motion for leave to amend the complaint shall be denied.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend, filed on July 24, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **September 15, 2015**            **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE