UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>R. BRANNUM, et al.,<br><br>　　　　Defendants. | 1:12-cv-01516-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER OF JULY 20, 2015<br>(ECF No. 82.) |

## I.　　RELEVANT PROCEDURAL HISTORY

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On September 14, 2012, Plaintiff filed the Complaint commencing this action.  (Doc. 1.)  This case now proceeds with the Fourth Amended Complaint filed on March 28, 2014, against defendants Correctional Officer S. Rios and Sergeant Brannum ("Defendants") for use of excessive force in violation of the Eighth Amendment.  (Doc. 21.)

On March 2, 2015, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of November 2, 2015, to complete discovery, and a deadline of January 11, 2016, to file dispositive motions.  (Doc. 45.)  This case

is presently in the discovery phase.  On April 15, 2015, Defendants filed a motion for summary judgment, which is pending.  (ECF No. 48.)

On July 31, 2015, Plaintiff filed a motion for reconsideration under Rule 60 of the court's order issued on July 20, 2015, which denied Plaintiff's renewed motion to defer the court's ruling on Defendants' motion for summary judgment.[1]  (ECF No. 82.)

## II.  MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a

---

[1] On May 12, 2015, Plaintiff filed a motion under Rule 56 for the court to defer its ruling on Defendants' motion for summary judgment pending discovery. (ECF No. 54.) On May 21, 2015, the court denied the motion, without prejudice to renewal of the motion within thirty days. (ECF No. 58.) On June 1, 2015, Plaintiff filed a renewed motion to defer the court's ruling on Defendants' motion for summary judgment. (ECF No. 66.) The renewed motion was denied on July 20, 2015. (ECF No. 76.)

disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied, with prejudice.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on July 31, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **September 15, 2015**                         **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE