UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>Plaintiff,<br><br>v.<br><br>R. BRANNUM et al.,<br><br>Defendants. | No. 1:12-cv-01516-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 94)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 48)<br><br>ORDER DENYING PLAINTIFF'S MOTION IN LIMINE<br><br>(Doc. No. 59) |

Plaintiff Antwoine Bealer is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 16, 2015, the assigned magistrate judge filed findings and recommendations, recommending that defendants' motion for summary judgment (Doc. No. 48) and plaintiff's motion in limine (Doc. No. 59) be denied.  (Doc. No. 94.)  On October 16, 2015, defendants filed objections to those findings and recommendations.  (Doc. No. 105.)  On October

1

29, 2015, Plaintiff filed a reply to defendants' objections. (Doc. No. 106.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants' objections and plaintiff's reply to the objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

In particular, the court agrees with the magistrate judge's conclusion that plaintiff's Eighth Amendment excessive use of force claims are not barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because plaintiff's claims do not necessarily imply the invalidity of plaintiff's prison disciplinary conviction for violating § 3005(d)(1) of the California Code of Regulations in connection with the incident in question. That provision states, in pertinent part: "Inmates shall not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person." Cal. Code Regs. tit. 15, § 3005(d)(1).

In the instant action, for plaintiff to succeed on his excessive use of force claims, he will need to prove that defendants Brannum and Rios unnecessarily and wantonly inflicted pain on him while escorting him to his placement in administrative segregation. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). Several factors are relevant to determine whether defendants' use of force violated plaintiff's rights under the Eighth Amendment, including (1) the need for force, (2) the relationship between the need for force and the amount of force used, (3) the extent of the injury inflicted, (4) the extent of the threat the officers reasonably perceived the plaintiff posed to staff and inmates, and (5) any efforts to temper the severity of a forceful response. *Id.* at 321.

Based on the parties' contentions, a reasonable factfinder could conclude both that the plaintiff's conduct violated § 3005(d)(1), and that defendants used excessive force in response to plaintiff's conduct.[1] Such a finding would not necessarily imply the invalidity of plaintiff's conviction under § 3005(d)(1). *See Cunningham v. Gates*, 312 F.3d 1148, 1153–54 (9th Cir. 2002) (noting a § 1983 claim is *Heck*-barred if "plaintiff could prevail only by negating 'an

---

[1] As noted by the assigned magistrate judge in the findings and recommendations, in this case "[t]he factual context in which the force was used is disputed." (Doc. No. 94 at 11 & 16.)

element of the offense of which he has been convicted.'") (quoting *Heck*, 512 U.S. at 487 n.6). Although plaintiff's conduct and defendants' alleged excessive use of force arise out of the same incident, two separate factual predicates exist: the first giving rise to plaintiff's disciplinary conviction and the second giving rise to defendants' potential civil liability. *See Hooper v. County of San Diego*, 629 F.3d 1127, 1132 (9th Cir. 2011) ("Though occurring in *one continuous chain of events*, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer.") (quoting *Yount v. City of Sacramento*, 43 Cal.4th 885, 899 (2008)).

Thus, plaintiff's excessive use of force claims against the named defendants in this action are not barred by the favorable termination rule announced in *Heck*.

Accordingly,

1. The findings and recommendations (Doc. No. 94), filed on September 16, 2015, are ADOPTED IN FULL;
2. Defendants' motion for summary judgment (Doc. No. 48), filed on April 13, 2015, is DENIED;
3. Plaintiff's motion in limine (Doc. No. 59), filed on May 21, 2015, is DENIED; and
4. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **March 7, 2016**

                                        /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE