UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>      Plaintiff,<br><br>  vs.<br><br>CORRECTIONAL OFFICER S. RIOS and SERGEANT R. BRANNUM,<br><br>      Defendants. | 1:12-cv-01516-DAD-EPG-PC<br><br>SCHEDULING ORDER FOLLOWING STATUS CONFERENCE HELD ON APRIL 28, 2016<br>(resolves ECF No. 99.)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTIONS TO COMPEL<br>(ECF Nos. 109, 110.)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO TAKE DEPOSITIONS<br>(ECF No. 121.)<br><br>ORDER DENYING MOTION IN LIMINE AS PREMATURE<br>(ECF No. 129.)<br><br>ORDER DENYING MOTIONS FOR EXTENSION OF TIME AS MOOT<br>(ECF Nos. 104, 118, 120.)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 281 TO PLAINTIFF<br><br>**Telephonic Trial Confirmation Hearing**:<br>June 27, 2016 at 1:30 p.m.<br>Courtroom 5 (DAD)<br><br>**JURY TRIAL**:<br>August 9, 2016 at 8:30 a.m.<br>Courtroom 5 (DAD) |

## I. BACKGROUND

Plaintiff, Antwoine Bealer ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the

Complaint commencing this action on September 14, 2012. (ECF No. 1.) This case now proceeds with the Fourth Amended Complaint filed on March 28, 2014, against defendants Correctional Officer S. Rios and Sergeant R. Brannum ("Defendants") for use of excessive force in violation of the Eighth Amendment during events occurring at Kern Valley State Prison on November 1, 2010.[1]  (ECF No. 21.) All of the pretrial deadlines in the Court's Discovery and Scheduling Order, issued on March 2, 2015, have expired. (ECF No. 45.) Defendants' motion for summary judgment, filed on April 13, 2015, was denied by the Court on March 8, 2016. (ECF Nos. 48, 124.) Discovery issues are pending.

## II.   STATUS CONFERENCE

On April 28, 2016 at 2:00 p.m., a telephonic status conference was held before Magistrate Judge Erica P. Grosjean. Plaintiff appeared telephonically on his own behalf, and California Deputy Attorney General Andrea Sloan appeared telephonically on behalf of Defendants. The parties discussed the status of discovery and a schedule for trial.

Plaintiff declined Magistrate Judge jurisdiction, and therefore District Judge Dale A. Drozd shall preside over the trial for this case.

Defendants indicated they are not open to participating in settlement negotiations because of the seriousness of the events at issue, in which Defendant suffered significant injuries that led to his retirement.

### A.   **Plaintiff's Motions to Compel**

On January 7, 2016, Plaintiff filed a motion to compel responses to interrogatories and a motion to compel production of documents. (ECF Nos. 109, 110.) The Court discussed Plaintiff's discovery requests and granted the motions in part, as follows:

Defendants shall provide to Plaintiff, by mailing responses or documents to Plaintiff on or before May 20, 2016,[2] the following:

---

[1] On October 29, 2014, the Court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a § 1983 claim. (ECF No. 33.)

[2] At the hearing, the deadline for Defendants to provide discovery responses was set for May 13, 2016. On May 13, 2016, Defendants were granted an extension of time until May 20, 2016. (ECF No. 137.)

1. Policies and procedures in place at the time of the events at issue in this case, regarding escorting prisoners from their cell, use of force, and administrative segregation, including but not limited to those policies and procedures found in Title 15. Defendants are also required to submit a statement that the documents produced include all of the policies and procedures in those categories.

2. Defendants shall identify the inmate that was brought to Plaintiff's cell.

3. Defendants shall respond to the following questions:

   a. Did you know, before you approached Plaintiff's cell, that you planned to take Plaintiff to Administrative Segregation?

   b. Are there any other documents that you have not produced so far that indicate who gave the order for Plaintiff to go to Administrative Segregation?

   c. Who made the determination for Plaintiff to go to Administrative Segregation?

   d. Is part of the job description for Sergeant to be assigned only to a specific building for one whole day, rather than be assigned to the whole yard?

B. **Plaintiff's Motion to Take Depositions**

On February 22, 2016, Plaintiff filed a request for a subpoena or other appropriate action to enable him to schedule and hold deposition hearings. (ECF No. 121.) Plaintiff seeks to depose nine persons, including the Warden, Associate Warden, the two Defendants, other officers, and a nurse. Defendants argued that Plaintiff's request was untimely. The Court discussed the requirements for giving notice and holding depositions, and the costs involved. Plaintiff represented that he has funds available to hire a court officer, record the deposition proceedings, and pay any witness fees.

The Court found it overly burdensome for Plaintiff to take nine depositions. While acknowledging that Plaintiff's request was untimely, the Court granted Plaintiff leave to take depositions by telephone of only the two Defendants, Officer Rios and Sergeant Brannum,

limiting the deposition of each witness to no more than two hours. Plaintiff is required to schedule the depositions by sending out deposition subpoenas to defense counsel no later than **May 12, 2016**, notifying the deponents of dates for depositions to be held before June 27, 2016. On or before **May 12, 2016**, Plaintiff is also required to file proof, such as a copy of his trust account statement, that he is able to pay, in advance of the depositions, for the services of a court officer, the recording of the depositions, and any required witness fees, pursuant to Fed. R. Civ. P. 30.

### C. Plaintiff's Motion in Limine

On March 30, 2016, Plaintiff filed a motion *in limine* to exclude prejudicial evidence. (ECF No. 129.) The Court denied the motion as premature, without prejudice to renewing the motion at a later stage of the proceedings. Closer to the date of trial, the Court shall inform the parties of a schedule for filing motions *in limine*.

### D. Plaintiff's Letter

On April 11, 2016, Plaintiff filed a letter to the Court alleging that he is being sexually harassed in prison, and notifying the Court that if anything adverse should happen to him while he is litigating this case, it is not a coincidence. (ECF No. 31.) The Court informed the parties that Plaintiff's letter was forwarded to the Attorney General's Office, who then forwarded it to the prison.

## III. Trial Schedule

Jury trial for this action is scheduled to commence on **August 9, 2016 at 8:30 a.m.** before District Judge Dale A. Drozd in Courtroom 5. A telephonic trial confirmation hearing shall be held on **June 27, 2016 at 1:30 p.m.** before Judge Drozd. Counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic hearing and to initiate the telephonic conference at **(559) 499-5650**.

The parties are required to file pretrial statements in accordance with the schedule set forth herein. In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses. The procedures and requirements for

making such a showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.[3]

At the trial for this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u> - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to Court unless the Court orders the warden or other custodian to permit the witness to be transported to Court.  The Court will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file <u>concurrent with the pretrial statement</u> a written motion for a Court order requiring that such witnesses be brought to Court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in

---

[3] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. <u>Wiggins v. County of Alameda</u>, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before <u>June 5, 2016</u>.  Oppositions, if any, must be filed on or before <u>June 20, 2016</u>.**

2. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>  -  It is the responsibility of the party who has secured an unincarcerated

witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. <u>Id.</u> In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>. 28 U.S.C. § 1821(b).

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court</u>. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

**If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than <u>June 20, 2016</u>. In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step 4 above, on or before <u>June 5, 2016</u>.**

The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

///

///

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a new scheduling order, filed on October 2, 2015, is RESOLVED by this order;

2. Plaintiff's motions to compel, filed on January 7, 2016, are GRANTED in part;

3. On or before **May 20, 2016**, Defendants shall provide discovery responses and documents to Plaintiff, as discussed in this order;

4. Plaintiff's motion to take depositions, filed on February 22, 2016, is GRANTED in part, as discussed in this order;

5. Plaintiff's motion *in limine*, filed on March 30, 2016, is DENIED as premature, without prejudice to renewal of the motion at a later stage of the proceedings;

6. The parties' motions for extension of time, filed on October 14, 2015, February 16, 2016, and February 22, 2016, are DENIED as moot;

7. A telephonic trial confirmation hearing shall be held on **June 27, 2016 at 1:30 p.m.** before District Judge Dale A. Drozd;

8. Counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing on August 19, 2016, and to initiate the telephonic conference at **(559) 499-5650**;

9. Jury trial for this case is scheduled to commence on **August 9, 2016 at 8:30 a.m.** before District Judge Dale A. Drozd in Courtroom 5;

10. Plaintiff shall serve and file a pretrial statement as described in this order on or before **June 5, 2016**;

11. Defendants shall serve and file a pretrial statement as described in this order on or before **June 20, 2016**;

12. In addition to electronically filing their pretrial statement, Defendants shall e-mail the pretrial statement to: dadorders@caed.uscourts.gov;

///

///

13. If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **June 5, 2016**;

14. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **June 20, 2016**;

15. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **June 5, 2016**, and Plaintiff must submit the money orders, as described in subsection III.4. of this order, to the Court on or before **June 20, 2016**; and

16. The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

IT IS SO ORDERED.

Dated:   **May 16, 2016**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE