UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>        Plaintiff,<br><br>   vs.<br><br>CORRECTIONAL OFFICER S. RIOS and<br><br>SERGEANT R. BRANNUM,<br><br>        Defendants. | 1:12-cv-01516-DAD-EPG-PC<br><br>ORDER ADDRESSING PLAINTIFF'S MOTION TO SCHEDULE DEPOSITIONS (ECF No. 139.)<br><br>ORDER FOR PARTIES TO MEET AND CONFER NO LATER THAN MAY 27, 2016<br><br>ORDER FOR CLERK TO SEND PLAINTIFF A COPY OF RULES 28, 29, AND 30 OF THE FEDERAL RULES OF CIVIL PROCEDURE |

      This order directs the parties to meet and confer to discuss a plan to enable Plaintiff to take telephonic depositions of defendants Rios and Brannum before June 27, 2016.

**I.    BACKGROUND**

      Plaintiff, Antwoine Bealer ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

      At the telephonic status conference held on April 28, 2016, the Court granted Plaintiff leave to take depositions by telephone of the two Defendants, Officer S. Rios and Sergeant R. Brannum, limiting the deposition of each witness to no more than two hours. (See ECF No. 138 at 3-4.) Plaintiff was required to schedule the depositions by sending out deposition subpoenas to defense counsel no later than **May 12, 2016**, notifying the deponents of dates for depositions to be held before June 27, 2016. (Id.) On or before **May 12, 2016**, Plaintiff was required to file proof, such as a copy of his trust account statement, that he is able to pay, in advance of the depositions, for the services of a court officer, the recording of the depositions, and any required witness fees, pursuant to Fed. R. Civ. P. 30. (Id.)

On May 4, 2016, Plaintiff filed notice that he has funds available in his prison trust account to pay for depositions. (ECF No. 135.) On May 16, 2016, Plaintiff filed a motion to set depositions. (ECF No. 139.)

## II. PLAINTIFF'S MOTION

Plaintiff seeks assistance to schedule telephonic depositions for defendants Rios and Brannum. Plaintiff advises the Court that he would like to set the depositions for Wednesday June 22, 2016, starting at 9:30 a.m. with Officer Rios, take a break at 11:30 a.m., and then resume with Officer Brannum at 1:00 p.m. Plaintiff also would like to receive transcripts of the depositions, after he has read the transcripts and made any corrections. Plaintiff states that "it was established with the Court" that he would provide approximately $300.00 for the costs of the depositions. (ECF No. 138 at 1-2.) Plaintiff inquires whether the Court will "cover" any additional expenses or provide a stenographer to record and transcribe the depositions. Plaintiff is unsure how to make arrangements for the depositions.

### Discussion

At the April 28, 2016 hearing, the Court generally discussed the requirements for giving notice and holding depositions, and the types of costs involved. Plaintiff represented that he had funds available – approximately $300-400 – to pay the costs of the depositions. The Court did not estimate how much the depositions would cost or establish a minimum amount that Plaintiff would need to pay. Plaintiff was advised that he would be required to make arrangements himself and pay all of the costs for the depositions, including costs to hire a court officer, record the deposition proceedings, and pay any witness fees. Plaintiff was also advised that the Court does not have any funds available to assist Plaintiff with the costs of the depositions.

Rules 28, 29, and 30 of the Federal Rules of Civil Procedure set forth the requirements for taking depositions by oral examination. The Court shall direct the Clerk to send Plaintiff copies of those Rules. To hold depositions of the two Defendants, Plaintiff must give proper notice of the depositions pursuant to the Rules, must be able to depose the Defendants in

///

compliance with the Rules, and must be able and willing to retain an officer to take responses and prepare the record.  Fed. R Civ. P. 30(b).

The parties shall be required to meet and confer, no later than May 27, 2016, to discuss arrangements for Plaintiff to take telephonic depositions of defendants Rios and Brannum before June 27, 2016.  The parties shall discuss the estimated costs to Plaintiff, including costs of transcripts, and whether Plaintiff has sufficient funds available to proceed.   Unless the parties agree that Plaintiff has insufficient funds to proceed, the parties shall discuss what Plaintiff needs to do to meet the requirements of the Rules for giving notice, hiring an officer, and arranging for recording of the proceedings.

If the parties are unable to resolve these issues, they shall file written notice to the Court within a week of their meet-and-confer session.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to schedule depositions, filed on May 16, 2016, is RESOLVED by this order;
2. No later than May 27, 2016, the parties shall meet and confer to discuss arrangements for Plaintiff to take telephonic depositions of defendants Rios and Brannum before June 27, 2016, and the estimated costs to Plaintiff to take the depositions, as directed by this order;
3. If the parties are unable to resolve these issues, they shall file written notice to the Court within a week of their meeting; and
4. The Clerk's Office shall send Plaintiff copies of Rules 28, 29, and 30 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **May 19, 2016**                         /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE