UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER, | 1:12-cv-01516-DAD-EPG-PC |
| Plaintiff, | **PRETRIAL ORDER** |
| vs. | **Deadline to file Motions in Limine:** <br> July 20, 2016 |
| CORRECTIONAL OFFICER S. RIOS and SERGEANT R. BRANNUM, | **Oppositions to Motions in Limine due:** <br> August 3, 2016 |
| Defendants. | **Motions in Limine Hearing:** <br> Morning of trial <br> August 9, 2016 at 8:30 a.m. <br> Courtroom 5 (DAD) |
| | **Other Pretrial Submissions due:** <br> August 3, 2016 |
| | **Jury Trial**: August 9, 2016 at 8:30 a.m. <br> Courtroom 5 (DAD) |

This civil rights action, brought pursuant to 42 U.S.C. § 1983, proceeds on the Fourth Amended Complaint filed *pro se* by state prisoner Antwoine Bealer ("Plaintiff"), against defendants Correctional Officer S. Rios and Sergeant R. Brannum ("Defendants") for use of excessive force in violation of the Eighth Amendment during events occurring at Kern Valley State Prison on November 1, 2010.[1]  (ECF No. 21.)  Defendants are represented by Andrea R.

---

[1] On October 29, 2014, the Court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a § 1983 claim.  (ECF No. 33.)

1

Sloan, California Deputy Attorney General.  This case is presently set for trial on August 9, 2016 at 8:30 a.m. before District Judge Dale A. Drozd in Courtroom 5.

On June 20, 2016, Defendants filed their pretrial statement.  (ECF No. 60.)  Plaintiff has still not filed a pretrial statement despite having been granted an additional ten days to do so at the Trial Confirmation Hearing held on June 27, 2016.  (Doc. No. 166.)  Having reviewed Defendants' pretrial statement and the remainder of the file, and having considered the arguments of the parties at the June 27, 2016 Trial Confirmation Hearing, the Court now issues a pretrial order.

## I. Jurisdiction and Venue

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). Venue in the Eastern District of California is proper under 28 U.S.C. § 1391. There is no dispute concerning subject matter jurisdiction or venue.

## II. Jury Trial

Plaintiff and Defendants have requested a jury trial.

## III. Facts and Evidentiary Issues

### A. Defendants' Undisputed Facts

1. At all times relevant to this action, Plaintiff was in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison (KVSP), in Facility A, Building Seven.
2. At all times relevant to this action, Defendants Rios and Brannum were employed by CDCR at KVSP.
3. On November 1, 2010, Defendant Brannum was the assigned Facility A Yard Sergeant.
4. On November 1, 2010, Defendant Rios was assigned as a Search and Escort Officer.
5. During the afternoon of November 1, 2010, Sergeant Brannum approached Plaintiff's cell and informed him he would be receiving a new cellmate.

6. Despite not knowing who the new assigned cellmate was, Plaintiff refused to accept a cellmate.

7. Plaintiff was counseled by Defendant Brannum regarding his refusal to accept an assigned cellmate, which was in violation of institution housing policy.

8. Shortly thereafter, Defendants Brannum and Rios escorted Plaintiff from his cell to be placed in Administrative Segregation for his continued refusal to accept a cellmate.

9. While Plaintiff was being escorted from his cell in Building 7, across the upper A Yard to the medical holding cell, Plaintiff was informed he was being placed in Administrative Segregation for his refusal to accept a cellmate.

10. Plaintiff then became resistive and attempted to head-butt Defendant Rios.

11. Defendant Brannum was on Plaintiff's left side holding onto Plaintiff's left forearm. When Plaintiff attempted to strike Defendant Rios, Defendant Brannum pulled back and upward while holding onto Plaintiff's forearm.

12. Defendant Rios was on Plaintiff's right side holding onto Plaintiff's right forearm when Plaintiff attempted to head-butt him. Defendant Rios lifted Plaintiff's right forearm up, bending Plaintiff at the waist.

13. With Defendants Brannum and Rios' combined weight, they were able to force Plaintiff to the ground.

14. During the incident, Defendant Brannum activated his alarm, calling for a Code 1 – resistive inmate over his institutional radio.

15. Officers Stewart and Bradshaw responded to Defendant Brannum's emergency call and placed leg restraints on Plaintiff and escorted him to medical to be examined following the incident.

16. An abrasion to Plaintiff's right knee and the back of his left ankle were noted on the Medical Report of Injury or Unusual Occurrence.
17. Plaintiff was issued a Rules Violation Report in connection to this incident, charging him with violating the California Code of Regulations, Title 15, Section 3005 (d)(1), for attempted battery on a peace officer.
18. Plaintiff was found guilty of the Rules Violation report and assessed a loss of good time credits.
19. Plaintiff was rehoused in Administrative Segregation following the incident.
20. The associated Rules Violation Report and loss of credits was never overturned.
21. Plaintiff has an extensive history of refusing cellmates and making threats to harm himself or others if he is assigned one. Plaintiff has learned how to use the system in ways to avoid being assigned a cellmate, despite being cleared to have one.
22. There are no medical records which support any additional injuries other than the scrape to Plaintiff's knee and ankle.

B. **Plaintiff's Undisputed Facts**

None.  As noted above, plaintiff did not file a pretrial statement.

C. **Defendants' Disputed Factual Issues**

1. Whether Plaintiff became resistive during the escort across the Facility A Yard on November 1, 2010.
2. Whether Plaintiff attempted to head-butt Defendant Rios during the escort.
3. Whether Defendants' actions in subduing Plaintiff constitute excessive force.
4. Whether Plaintiff received additional injuries which were not noted on the medical report taken after the incident.

5.  Whether Plaintiff's alleged injuries were caused by any actions by Defendants or were pre-existing.

### D. **Plaintiff's Disputed Factual Issues**

As noted above, plaintiff did not file a pretrial statement. However, plaintiff did successfully oppose defendants' motion for summary judgment.

### E. **Defendants' Disputed Evidentiary Issues**

Evidence should be excluded when it lacks relevance, consists of hearsay, is mere opinion, has not been authenticated, or when its probative value is substantially outweighed by the danger of unfair prejudice, confusion or needless delay. Fed R. Evid. 402, 403, 602, 701, 802, 901(b). Defendants object to any evidence submitted by Plaintiff based upon, or containing, inadmissible hearsay, or evidence that is irrelevant, immaterial, or incompetent.

Defendants will contest the admissibility of any written statements by inmates whom Plaintiff claims are witnesses including, but not limited to, any statement signed by said inmates.

Defendants object to any opinion testimony from Plaintiff regarding any matters that call for medical, psychological, or dental expertise.

Defendants reserve objections to specific testimony and exhibits until Defendants have had the opportunity to hear such testimony and examine such exhibits. Defendants will also file specific objections to Plaintiff's exhibits once they have been exchanged with Defendants.

Should Plaintiff, or any other incarcerated witnesses testify, Defendants will seek to impeach such witnesses by presenting evidence of prior felony convictions, pursuant to Federal Rules of Evidence, Rule 609. The verdict in this case will be affected by the credibility of witnesses. Therefore, Defendants argue that no one who has suffered a prior felony conviction is entitled to the false aura of veracity which would occur if impeachment were not allowed.

Defendants anticipate Plaintiff will attempt to introduce evidence that he was not resistive and did not attempt to head-butt Defendant Rios. Defendants object to any testimony which goes to this issue as Plaintiff was found guilty of a rules violation report for the specific act of attempting to head-butt Defendant Rios. Plaintiff was assessed a loss of good time

credits and placed in the Administrative Segregation Unit following the conviction of his Rules Violation Report. Defendants assert Plaintiff is barred under the rule in Heck v. Humphrey from introducing argument or evidence that he did not attempt to assault Defendant Rios. See Heck v. Humphrey, 512 U.S. 411 (1994).

### F. Plaintiff's Disputed Evidentiary Issues

None. Plaintiff did not file a pretrial statement.

### G. Defendants' Special Factual Information

Plaintiff alleges that he was injured on November 1, 2010, at KVSP when Defendants Rios and Brannum used excessive force against him in violation of the Eighth Amendment to the United States Constitution. Plaintiff's Fourth Amended Complaint proceeds under 42 U.S.C. § 1983. As a result of this incident, Plaintiff claims to have sustained scratches or abrasions to his knee, ankle, pain to his back and shoulders, as well as additional abrasions that were not noted in his medical records. Defendants Rios and Brannum acknowledge that Plaintiff sustained a scratch or abrasion to his right knee and the back of his left ankle as a result of this incident.

All of the medical treatment received by Plaintiff following this incident was provided by the Defendants' employer, the California Department of Corrections and Rehabilitation. Due to his incarceration, Plaintiff has no viable claim for lost wages or earning capacity.

### H. Plaintiff's Special Factual Information

None. As noted above, plaintiff did not file a pretrial statement.

## V. RELIEF SOUGHT

In his Fourth Amended Complaint plaintiff seeks an order requiring that he be given single cell status as well as an award of compensatory, nominal, and punitive damages.

Defendants pray for a judgment in their favor with Plaintiff taking nothing, and an award of attorney fees and costs.

/////

/////

/////

**VI.    Points of Law**

This action proceeds only on Plaintiff's § 1983 claim against defendants Correctional Officer S. Rios and Sergeant R. Brannum for use of excessive force in violation of the Eighth Amendment. No other claims are at issue.

**A.    Imposition of Liability Under Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

/////

/////

### B. Eighth Amendment Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7; see also Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Watts v. McKinney, 394 F.3d 710, 711 (9th Cir. 2005); Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003); Marquez v. Gutierrez, 322 F.3d 689, 691-92 (9th Cir. 2003); Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002); Jeffers v. Gomez, 267 F.3d 895, 900 (9th Cir. 2001) Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1441 (9th Cir. 1995); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986).

"In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson, 503 U.S. at 7. (internal
/////

quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Furthermore, prison officials are to be accorded "wide-ranging deference" as they "must make their decisions 'in haste, under pressure, and frequently without the luxury of a second chance.'" Hudson, 503 U.S. at 6. This is because "prison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners from such violent behavior" when inmates become disruptive. LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir. 1993).

### C.  Damages Issues

#### 1.  Nominal Damages

If the jury finds the plaintiff has proved his claim for violation of his constitutional rights, "nominal damages must be awarded 'as a symbolic vindication of [the plaintiff's] constitutional right' whether or not the constitutional violation causes any actual damage." George v. City of Long Beach, 973 F.2d 706, 708 (9th Cir. 1992) (quoting Floyd v. Laws, 929 F.2d 1390, 1401 (9th Cir. 1991)); Schneider v. County of San Diego, 285 F.3d 784, 794 (9th Cir. 2002). "If the jury finds a constitutional violation, an award of nominal damages is mandatory, not permissive," Floyd, 929 F.2d at 1402-03, and the amount of actual damages a jury chooses to award, if any at all, is irrelevant to the plaintiff's entitlement to nominal damages, Schneider, 285 F.3d at 794-95; Floyd at 1402-03.

#### 2.  Physical Injury Required for Mental and Emotional Damages

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in § 2246 of Title 18)." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002); accord Pierce v. County of Orange, 526 F.3d 1190, 1123-24 (9th Cir. 2008). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Oliver, 289

F.3d at 630.

### 3. Punitive Damages

Punitive damages are available in § 1983 actions. Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005) (citations omitted). "Punitive damages serve to punish the defendant for wrongful conduct and to deter the defendant and others from repeating the wrong." Id. at 810. The plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence, id. at 807, and an award of punitive damages is predicated on the plaintiff proving that the defendant's conduct was malicious, wanton, or oppressive, or in reckless disregard of the plaintiff's rights, Smith v. Wade, 461 U.S. 30, 56 (1986); Dang, 422 F.3d at 807-09.

### 4. Injunctive Relief

Because events complained of in this action took place at KVSP, and Plaintiff is no longer housed at that institution, Plaintiff's claim for injunctive relief is moot. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

### D. Qualified Immunity

If one or more of the Defendants are found liable to Plaintiff, they are entitled to consideration of the defense of qualified immunity. For the purposes of qualified immunity, the court must consider whether the infringed right was clearly established, and "if a reasonable officer could have believed, in light of the clearly established law, that his conduct was lawful." Saucier v. Katz, 533 U.S. 194, 199, 201-02 (2001). More recently, in Pearson v. Callahan, 555 U.S. 223 (2009), the Court held that the first step of the test established in Saucier may be bypassed to facilitate proper qualified immunity analysis. Id. at 236. Therefore, if the conduct of the government official is inherently reasonable, the Court may extend qualified immunity to a government official without first ruling on the constitutionality of the official's conduct. Id.

### E. Federal Rules of Evidence

Federal Rule of Evidence 607 provides that the credibility of a witness may be attacked by any party. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked. Fed. R. Evid. 608(a).

"For a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1). However, under subdivision (b), "[I]f more than 10 years have passed since the witness's conviction or release from confinement for it . . . [e]vidence of the conviction is admissible only if (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Fed. R. Evid. 404(b). Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id.

## VII. Abandoned Issues

None.

## VIII. Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**A.    Plaintiff's Witnesses**

1.   Himself, Antwoine Bealer[2]

---

[2] Defendants are not required to call all of the witnesses they have listed in their Pretrial Statement. However, as is the Court's general practice in civil rights actions brought be incarcerated individuals on their own behalf, the witnesses the defense plans to call shall be present on August 9, 2016, by 9:30 a.m. and shall be available for plaintiff to call on direct examination in his case in chief.

B. **Defendants' Witnesses**

Percipient Witnesses Who Will Testify in Person

1. Defendant Brannum
2. Defendant Rios
3. Officer S. Stewart
4. Officer D. Bradshaw
5. Registered Nurse T. Torricer
6. Custodian of Records for Plaintiff's Prison Central File
7. Custodian of Records for Plaintiff's Prison Medical File

Expert Witnesses Who Will Testify in Person

1. California State Prison – Corcoran Correctional Lieutenant J. Tony Diaz will testify concerning the use of force policies and procedures at for CDCR. He will also discuss the policies and procedures on double-cell and single-cell status for inmates.
2. KVSP Chief Medical Executive S. Lopez will testify concerning injuries Plaintiff sustained on November 1, 2010, and the causes of Plaintiff's pain or injuries.

Defendants have already served their expert witness disclosure to Plaintiff.

Defendants reserve the right to call witnesses not listed above for purposes of impeachment or rebuttal. Defendants further reserve the right to call any witnesses listed by Plaintiff.

IX. **Exhibits**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS

ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

### A. Defendants' Exhibits

Defendants intend to introduce the following exhibits at trial:

1. Plaintiff's CDCR 602 Inmate/Parolee Appeal Form Log No. KVSP-O-10-02255, dated November 14, 2010, and all associated responses.
2. Plaintiff's Rules Violation Report History, particularly his past related to refusal to accept a cellmate.

Defendants reserve the right to introduce documents not listed above for purposes of impeachment or rebuttal. Defendants further reserve the right to introduce any documents listed by Plaintiff, however plaintiff has not filed a Pretrial Statement and therefore has listed no exhibits.

### B. Plaintiff's Exhibits

None. As noted, plaintiff did not file a pretrial statement.

## X. Discovery Documents To Be Used At Trial

Defendants anticipate offering Plaintiff's Answers to Interrogatories, Responses to Requests for Admissions, Responses to Requests for Production, and deposition transcript, or portions thereof, for purposes of impeachment or rebuttal.

## XI. Further Discovery or Motions

Defendants do not contend that further discovery should be conducted. Defendants further contend that no further discovery related Motions should be filed, other than Motions *in Limine*. But Defendants do intend to file a motion requesting sanctions due to harassment by Plaintiff.

## XII. Stipulations

Defendants request a stipulation as to the authenticity of the Plaintiff's prison central file and medical file.

/////

/////

*CAUTION*:  The parties are cautioned that if any stipulation is obtained in the future, it must be in writing, and must be provided to Courtroom Deputy Renee Gaumnitz no later than August 3, 2016 **at 12:00 p.m. (noon).**

### XIII.   Amendments/Dismissals

Defendants do not request any amendments to pleadings or additions or substitution of parties.

### XIV.   Settlement Negotiations

Defendants do not anticipate settlement at this time and do not request a settlement conference under L.R. 270.  No mandatory settlement conference will be scheduled in this action.

### XV.   Agreed Statement

Defendants do not believe that presentation of an Agreed Statement of Facts is feasible or advisable given the disputed issues of fact concerning the events of November 1, 2010.

### XVI.   Separate Trial Of Issues

Defendants request that the issue of the amount of punitive damages be tried separately from the remaining issues in this case.  In connection with this request, Defendants request that no evidence concerning their financial status be admitted unless and until the finder of fact determines that punitive damages are warranted in this case.  Bifurcation should be granted under Rule 42(b) of the Federal Rules of Civil Procedure because it will expedite and economize the matter.  Should Defendants prevail on liability, no trial on punitive damages will be necessary. Should the jury determine that punitive damages are appropriate, Defendants request a separate trial on the amount of punitive damages.

### XVII.   Impartial Experts - Limitation Of Experts

Defendants do not request or recommend appointment by the Court of any impartial expert witnesses, nor request or recommend any limitations on the number of expert witnesses who may be called to testify in this case.

/////

/////

**XVIII. Attorney's Fees**

Defendants state that Plaintiff is proceeding *in propria persona* and has not incurred any attorney's fees. Defendants will request the award of costs after trial should Defendants prevail.

**XIX. Trial Exhibits**

Special handling of Plaintiff's inmate records may be appropriate as to any confidential sections where disclosure may compromise the safety and security of the institution, staff, or other inmates, or impinge on Plaintiff's medical privacy.

**XX. Trial Protective Order**

In the event that Defendants are required to disclose information concerning their financial status, Defendants will request that the Court issue a Protective Order concerning this information, under Local Rule 141.1(b)(2).

**XXI. Miscellaneous**

Trial may be expedited if plaintiff agrees to stipulate to the authenticity of the inmate records identified in Defendants' Pretrial Statement. *See* XI, above.

**XXII. Further Trial Preparation**

    **A.** **Motions In Limine Hearing and Briefing Schedule**

Any motions *in limine* shall be filed by July 20, 2016. Any opposition is due by August 3, 2016. The Court will hear the motions *in limine* on the morning of trial, August 9, 2016 at 8:30 a.m., in Courtroom 5.

    **B.** **Other**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If they wish to file trial briefs, they must do so on or before **August 3, 2016**.

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form for consideration, they must do so on or before **August 3, 2016**.

If Plaintiff wishes to file proposed jury instructions, he must do so on or before **August 3, 2016**. Defendants shall file proposed jury instructions as provided in Local Rule 163 on or

before **August 3, 2016**.  In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible.  All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction.  One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition.  Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at: **dadorders@caed.uscourts.gov**.

Proposed voir dire questions, if any, shall be filed on or before **August 3, 2016**.  Local Rule 162.1.

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **August 3, 2016**.  The Court will consider the parties' statements but will draft its own statement.  The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

The **original and four copies** of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy Renee Gaumnitz no later than **August 3, 2016**.  All of Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.).  All of Defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX 201, etc.).

If any videotape or DVD will be used for any purpose at trial by any of the parties, the party shall lodge a copy of the videotape or DVD with Courtroom Deputy Renee Gaumnitz by 4:00 p.m. on **August 3, 2016**.  If a written transcript of audible words on the tape or DVD is available, the Court requests that the transcript be lodged with the Court, solely for the aid of the Court.

If any party intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, **that party shall** contact

Courtroom Deputy Renee Gaumnitz at least one week prior to trial so that any necessary arrangements and/or training may be scheduled.

XXIII. **Objections to Pretrial Order**

Any party may, within **ten (10) calendar days** after the date of service of this Order, file and serve written objections to any of the provisions of this Order.  Such objections shall specify the requested modifications, corrections, additions or deletions.

**FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.**

IT IS SO ORDERED.

Dated:   **July 8, 2016**

                                                                                     *Dale A. Drozd*
                                                                           UNITED STATES DISTRICT JUDGE