UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>    Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER S. RIOS<br><br>and SERGEANT R. BRANNUM,<br><br>    Defendants. | 1:12-cv-01516-DAD-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 168.) |

**I.  RELEVANT PROCEDURAL HISTORY**

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 2, 2016, the Court issued an order denying Plaintiff's motion for leave to schedule and take Defendants' depositions, and motion for extension of time to serve deposition subpoenas, or in the alternative, to excuse Plaintiff from the requirement to serve deposition subpoenas. (ECF No. 146.) On July 5, 2016, Plaintiff filed a motion for reconsideration of the Court's order. (ECF No. 168.)

**II.  MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Discussion**

The Court's order issued on June 2, 2016 denied Plaintiff leave to schedule and hold depositions in this case because Plaintiff failed to meet "certain requirements, including the requirement to file proof, such as a copy of his trust account statement, that he is able to pay, in advance of the depositions, for the services of a court officer, the recording of the depositions, and any required witness fees, pursuant to Fed. R. Civ. P. 30." (ECF No. 146 at 2:11-14.) Plaintiff argues that he substantially complied with the Court's orders requiring him to submit

evidence that he was able to arrange and pay for Defendants' depositions. Plaintiff also argues that he was not allowed sufficient time to make arrangements for depositions, and that the Court was not responsive to his inquiries. The Court's record for this case shows otherwise. Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on July 5, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **July 21, 2016**                                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE