UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL OFFICER S. RIOS and SERGEANT R. BRANNUM,<br><br>    Defendants. | 1:12-cv-01516-DAD-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PREPARATION OF TRANSCRIPT AT GOVERNMENT'S EXPENSE<br>(ECF NO. 219) |

**I.  RELEVANT PROCEDURAL HISTORY**

Antwoine Bealer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. District Judge Dale A. Drozd presided over a jury trial in this case. On August 11, 2016, the jury returned a unanimous verdict, finding that defendants R. Brannum and S. Rios did not use excessive force against Plaintiff on November 1, 2010, in violation of the Eighth Amendment. (ECF No. 206). R. Brannum and S. Rios ("Defendants") were the only remaining defendants in the case, and the excessive force claim was the only remaining claim in the case. (ECF No. 33).

On September 6, 2016, Plaintiff filed a Notice of Appeal. (ECF No. 215). On September 19, 2016, Plaintiff filed a motion for preparation of transcript at government's

expense (the "Motion"). (ECF No. 219). On September 26, 2016, Defendants filed opposition to the Motion. (ECF No. 222).

## II. LEGAL STANDARD FOR PREPARATION OF A TRANSCRIPT AT THE GOVERNMENT'S EXPENSE

28 U.S.C. § 1915(c) states, in relevant part, "Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court…." Section 1915(a) states:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 753(f) states, in relevant part, "[f]ees for transcripts furnished in [civil] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." See also Maloney v. E. I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C. Cir. 1967); Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).

///

///

///

### III. ANALYSIS OF PLAINTIFF'S MOTION FOR PREPARATION OF TRANSCRIPT AT GOVERNMENT'S EXPENSE

Plaintiff asks the Court to order transcripts of the trial and the verdict proceedings at the government's expense. (ECF No. 219) The transcripts will be used to support an appeal. According to Plaintiff he is incarcerated, and so is without a significant source of income. Additionally, while Plaintiff's mother was willing to pay for some of Plaintiff's litigation expenses, Plaintiff does not believe her ability to contribute should be taken into account when determining Plaintiff's indigent status.[1]

Defendants oppose the Motion. They point out that Plaintiff's motion contains no affidavit showing that he lacks the assets to pay for the transcripts himself. They also argue that Plaintiff's mother's willingness to pay for Plaintiff's litigation expenses should be taken into account. Finally, they argue that Plaintiff has not shown that the appeal presents a substantial issue.

Plaintiff does not raise any issue for appeal, nor argue that his appeal presents a substantial issue. The Motion simply states that Plaintiff will use the transcripts to support an appeal, and explains why he cannot afford to pay for the transcripts himself. Without identified issue for appeal, Plaintiff does not meet the standard of presenting a substantial, non-frivolous, question for appeal. Accordingly, the Court will deny Plaintiff's request.

### V. CONCLUSION

Based on the facts the Court has before it, it is unable to find that Plaintiff's appeal presents a substantial question.

\\\
\\\
\\\

---

[1] Plaintiff has not asked the Court to direct the United States to pay for printing the record on appeal, and has not alleged that the 9th Circuit requires such a record to be printed. So, the Court will analyze the Motion under § 753(f).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for preparation of transcript at government's expense, filed on September 19, 2016, is DENIED.

IT IS SO ORDERED.

Dated:  **October 17, 2016**                    /s/ Erica P. Grosjean
                                                                                UNITED STATES MAGISTRATE JUDGE