UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL OFFICER S. RIOS and SERGEANT R. BRANNUM,<br><br>　　　　　Defendants. | No. 1:12-cv-01516-DAD-EPG-PC<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME, FOR NEW TRIAL, FOR RECONSIDERATION, FOR POST-TRIAL INTERVIEW OF JURORS, TO PROCEED *IN FORMA PAUPERIS*, AND STRIKING NON-PARTY FILING<br><br>(Doc. Nos. 214, 218, 230, 234, 235.) |

Antwoine Bealer ("plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. The undersigned presided over a jury trial in this case, which proceeded on plaintiff's Fourth Amended Complaint. (Doc. No. 21.) On August 11, 2016, the jury returned a unanimous verdict in favor of defendants, finding that defendants R. Brannum and S. Rios did not use excessive force against plaintiff on November 1, 2010, in violation of the Eighth Amendment. (Doc. No. 206.) At the time of the trial, defendants R. Brannum and S. Rios were the only remaining defendants in the case, and plaintiff's excessive use of force claim was the only remaining claim in the case. (Doc. No. 33.)

Following entry of judgment in favor of defendants, plaintiff filed a flurry of post-trial motions. On September 6, 2016, plaintiff filed a motion for an extension of time to submit a post-trial motion for a new trial, and a notice of appeal. (Doc. Nos. 214–15.) Plaintiff filed a motion

for a new trial on September 15, 2016, and amended his motion for a new trial on December 15, 2016.  (Doc. Nos. 218, 235.)

On October 31, 2016, plaintiff filed a motion to proceed *in forma pauperis* on appeal and for a new trial, and a motion for reconsideration of the court's October 17, 2016 order denying his motion for preparation of a trial transcript at government expense.[1]  (Doc. Nos. 230–31.)

On December 5, 2016, plaintiff filed a motion seeking authorization for the post-trial interview of jurors.  (Doc. No. 234.)  On January 9, 2017, plaintiff filed a motion requesting that the undersigned appear as a witness and requesting videotape evidence in support of his motion for a new trial.  (Doc. No. 234, 237.)

## ANALYSIS

**I.     Motions for Extension of Time and For a New Trial**

As noted above, plaintiff has filed a motion for an extension of time to submit a post-trial motion for a new trial, a motion for a new trial, and an amended motion for a new trial.  (Doc. Nos. 214, 218, 235.)

Motions for a new trial are governed by Federal Civil Procedure Rule 59, which provides that any such motions "must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59.  Motions to alter or amend a judgment brought under Rule 59(e) must also be "filed no later than 28 days after the entry of judgment."  *Id.*  Rule 6 of the Federal Civil Procedure Rules prohibits extension of this twenty eight day period.  *See* Fed. R. Civ. P. 6(b)(2) ("[a] court must not extend the time to act under Rule[] . . . 59(b), (d), and (e)"); Adv. Comm. Notes to 2009 Amendments to Fed. R. Civ. P. 6 ("These time periods are particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under these rules."); *see*

---

[1]  On October 31, 2016, plaintiff's mother, Mae C. Tucker, filed an affidavit supporting plaintiff's motion for reconsideration.  (Doc. No. 232.)  As the court noted in its August 3, 2016 order, Ms. Tucker is not a party to this action and is not otherwise authorized to file documents on her son's behalf.  (Doc. No. 193.)  Accordingly, the court strikes this document from the record, and reiterates that future filings by Ms. Tucker will not be docketed as part of the record in this case.  *See, e.g.*, *Medlyn v. Barnes*, No. 2:13-cv-0898 TLN DAD P, 2013 WL 2360926, at *14 (E.D. Cal. May 29, 2013) (striking from the record a letter filed by petitioner's mother-in-law because the letter was filed by a non-party not authorized to file documents on behalf of petitioner).

*generally* 4 C. Wright & A. Miller, *Federal Practice & Procedure* § 1168 (1969) (analyzing interpretation of Rule 59 deadlines by federal courts.).

Here, judgment was entered in favor of defendants on August 12, 2016, and the twenty eight day period for filing a motion for a new trial lapsed on September 9, 2016.  (Doc. No. 209.)  Plaintiff did not file his motion for a new trial until several days after this deadline, on September 15, 2016.  (Doc. Nos. 214, 218.)  While plaintiff filed a motion on September 6, 2016 requesting an extension of time to submit his motion for a new trial, the court does not have discretion to extend the deadline for filing such a motion.  *See de la Fuente v. Central Elec. Co-op., Inc.*, 703 F.2d 63, 65 (3d Cir. 1983) ("The [Rule 59 deadline] is jurisdictional, and 'cannot be extended in the discretion of the district court.'") (citing *Gribble v. Harris*, 625 F.2d 1173, 1174 (5th Cir. 1980)); *see also Napier v. United States*, No. 1:10–cv–00040 OWW GSA, 2011 WL 2493756, at *1 (E.D. Cal. June 22, 2011) (denying plaintiff's motion for new trial as untimely because it was filed more than eight days after the entry of judgment, and stating that the motion would be untimely "even if construed as a motion to alter or amend judgment under Rule 59(e)).

Accordingly, plaintiff's motion for a new trial will be denied as untimely, and plaintiff's motion for an extension of time to file the motion for a new trial will likewise be denied.[2]

**II.     Motion for Reconsideration**

Plaintiff also moves for reconsideration of the court's October 17, 2016 order denying his

---

[2]  Apart from issues of timeliness, the court observes that plaintiff's motion does not present proper grounds for the granting of a new trial.  Plaintiff argues he is entitled to a new trial because (i) he did not have time to conduct adequate discovery prior to trial; (ii) the court erroneously dismissed the original defendants; (iii) he was placed in segregated housing prior to trial, and was denied access to resources necessary for trial preparation; (iv) jury misconduct and jury tampering occurred during trial, and (iv) the jury's verdict is against the clear weight of the evidence.  (Doc. No. 235.)  However, for the most part plaintiff's arguments are based entirely on speculation, and plaintiff fails to provide any non-conclusory allegations supporting his contentions of jury misconduct or mistake.  To the extent plaintiff seeks to re-litigate issues the court ruled upon prior to trial, such arguments are also inappropriate at this stage of the proceedings.  *See Matthews v. City of Houston Fire Dep't*, No. H–07–1783, 2009 WL 1490834, at *1 (S.D. Tex. May 27, 2009) ("A [Rule 59] motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."); *see also Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978) (A party's "desire to introduce additional evidence after losing the case [does] not constitute a proper ground for granting a new trial.").

motion for preparation of a trial transcript at government expense. (Doc. Nos. 231.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Under Local Rule 230(j), a plaintiff filing a motion for reconsideration must also show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Here, plaintiff asserts two reasons for reconsideration of the court's October 17, 2016 order, arguing that: (i) plaintiff, as a pro se litigant, should not be required to identify issues he intends to raise on appeal or to explain why those issues are meritorious in order to move for production of trial transcripts at government expense; and that (ii) because the court previously granted plaintiff leave to proceed *in forma pauperis*, he is entitled to receive a transcript of his trial. (*Id.*)

Upon review, the October 17, 2016 order appears supported by law and the facts before the court. As noted by the magistrate judge in that order, "[f]ees for transcripts furnished in [civil] proceedings to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). Contrary to plaintiff's arguments, this requirement is applicable to pro se litigants. *See Morris v. Long*, No. 1:08–cv–01422–AWI–MJS, 2012 WL 5208503, at *1 (E.D. Cal. Oct. 22, 2012) (finding that the pro se litigant proceeding *in*

*forma pauperis* was required to "identify the issues he intends to raise on appeal and explain why those issues are meritorious in order to meet the . . . standard [for production of trial transcripts at government expense]."); *Woods v. Carey*, No. CIV S–04–1225 LKK GGH P, 2009 WL 2905788, at *1 (E.D. Cal. Sept. 4, 2009) (same). That the court has previously granted plaintiff leave to proceed *in forma pauperis* does not by itself entitle plaintiff to production of trial transcripts at government expense. Accordingly, plaintiff's motion for reconsideration will be denied.

### III.     Motion for Post-Trial Interview of Jurors

Plaintiff also moves for a post-trial interview of jurors. (Doc. No. 234.)

Federal courts disfavor post-trial inquisition of jurors "lest it operate to intimidate, beset and harass them." *Sixberry v. Buster*, 88 F.R.D. 561, 561–62 (E.D. Pa. 1980) (quoting *Stein v. New York*, 346 U.S. 156, 178 (1953)); *see also Smith v. Cupp*, 457 F.2d 1098, 1100 (9th Cir. 1972) ("[N]either a trial court nor an appellate court has the authority to inquire into the jury's decisional processes."). Limiting post-verdict interviews protects the jury's interest in privacy and the public's interest in "well-administered justice." *Haeberle v. Texas Int'l Airlines*, 739 F.2d 1019, 1022 (5th Cir. 1984); *see also Tanner v. United States*, 483 U.S. 107, 120–21 (1987) ("Allegations of juror misconduct, incompetency, or inattentiveness, raised for the first time days, weeks, or months after the verdict, seriously disrupt the finality of the process."). "There are certain exceptional situations . . . where the interests of the litigant in a fair trial override society's interest in protecting jurors from questioning," such as in the event of juror misconduct. *United States v. Boylan*, 698 F. Supp. 376, 384 (D. Mass. 1988), *aff'd*, 898 F.2d 230 (1st Cir. 1990); *see also Smith*, 457 F.2d at 1100 (concluding that in the absence of a specific claim of jury misconduct, there is no constitutional right to interrogate jurors). However, at a minimum, a party must make a preliminary showing of misconduct to establish good cause to conduct juror interviews. *See United States v. Stacey*, 475 F.2d 1119, 1121 & n.1 (9th Cir. 1973); *Smith*, 457 F.2d at 1100.

Here, plaintiff seeks authorization to interview jurors to determine whether any misconduct occurred during trial. (Doc. No. 234.) Plaintiff asserts that when the jury was polled as to verdicts at the close of trial, the judge asked one juror for their verdict multiple times. (Doc.

No. 234 at 6, 13–14.)  Plaintiff speculates that this juror's verdict was not given voluntarily.  (*Id.*)  However, plaintiff makes no allegations supporting this claim, and does not otherwise make a showing of good cause to conduct post-trial interviews.  Accordingly, plaintiff's motion for post-trial interviews of jurors will be denied.

**IV.**     **Motion for the Trial Judge to Appear as Witness and for A Video of Trial Proceedings**

Plaintiff moves for the undersigned to appear as a witness, and for the production of any video recordings of trial proceedings held August 11, 2016.  (Doc. No. 237.)

"Courts have refused to issue subpoenas for oral testimony of the decision-makers as to the basis for their opinions absent extreme and extraordinary circumstances."  *United States v. Dowdy*, 440 F. Supp. 894, 896 (W. Va. Sept. 26, 1977) (and cases cited therein).  Thus, if the record reflects appropriate grounds for a judge's actions, an examination into the judge's mental processes will not be allowed.  *See SEC v. Bartlett*, 422 F.2d 475 (8th Cir. 1974).

Here, plaintiff requests that the judge appear as a witness to testify as to his polling of jurors regarding their verdicts at the end of trial.  (Doc. No. 237.)  Because plaintiff makes no allegations of bad faith or improper behavior, plaintiff clearly has not demonstrated the "extreme or extraordinary circumstances" required to permit such examination.  *See also Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 402 (1971) ("[T]here must be a strong showing of bad faith or improper behavior before such inquiry [into the mental processes of decision-makers] may be made."), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).  Plaintiff's motion will therefore be denied.

Plaintiff also requests production of video recordings of the August 11, 2016 trial proceedings, arguing that such recordings are necessary to refresh the trial judge's memory as to his polling of the jurors, and provide evidence of jury tampering.  (Doc. No. 237.)  However, beyond his conclusory, speculative, and fanciful allegations of misconduct and jury tampering, plaintiff makes no arguments supporting his request.  In addition, of course, trial proceedings are not video recorded.  Therefore, plaintiff's motion for production of a video recording of the August 11, 2016 trial proceedings will also be denied.

### V.   Motion to Proceed *In Forma Pauperis*

Plaintiff moves proceed *in forma pauperis* on appeal.  (Doc. No. 230.)

A party who was permitted to proceed in forma pauperis in the district court "may proceed on appeal in forma pauperis without further authorization" unless the court certifies that the appeal is not taken in good faith.   Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith"); *Simas v. Martel*, No. 1:08–cv–00625 DLB (HC), 2008 WL 4861252, at *1 (E.D. Cal. Nov. 7, 2008).  Because the court has previously granted plaintiff's motion to proceed *in forma pauperis* (Doc. No. 9), he is entitled to proceed on appeal in this capacity absent a certification by the trial court that his appeal is not taken in good faith.  This court has issued no such certification.  Accordingly, plaintiff's motion to proceed *in forma pauperis* on appeal will be denied as moot.

### CONCLUSION

Accordingly, for the reasons set forth above:

1. Plaintiff's motion for an extension of time to submit a post-trial motion for a new trial, and his motions for a new trial (Doc. Nos. 214, 218, 235), are denied;
2. The filing by non-party Mae C. Tucker (Doc. No. 232) is stricken from the docket;
3. Plaintiff's motion for reconsideration of the court's order on October 17, 2016 (Doc. No. 231) is denied;
4. Plaintiff's motion for a post-trial interview of jurors (Doc. No. 234) is denied;
5. Plaintiff's motion to proceed *in forma pauperis* on appeal (Doc. No. 230) is denied as moot.

IT IS SO ORDERED.

Dated:   **February 2, 2017**                      _____
                                                                   UNITED STATES DISTRICT JUDGE