UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>                     Plaintiff,<br><br>          v.<br><br>CORRECTIONAL OFFICER S. RIOS and SERGEANT R. BRANNUM,<br><br>                     Defendants. | No.  1:12-cv-01516-DAD-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S RULE 60 MOTION; DENYING PLAINTIFF'S MOTION FOR RETURN OF FUNDS<br><br>(Doc. Nos. 247, 250) |

Antwoine Bealer ("plaintiff") is a state prisoner who appeared pro se and was granted *in forma pauperis* status in this civil rights action which he filed pursuant to 42 U.S.C. § 1983.  The undersigned presided over the trial in this action, which proceeded to jury trial on plaintiff's Fourth Amended Complaint wherein he alleged that the defendants had subjected him to the excessive use of force in violation of his rights under the Eighth Amendment.  (Doc. No. 21.)  On August 11, 2016, the jury returned a unanimous verdict in favor of defendants, finding that defendants R. Brannum and S. Rios did not use excessive force against plaintiff on November 1, 2010. (Doc. No. 206.)  At the time of the trial, defendants R. Brannum and S. Rios were the only remaining defendants in the case, and plaintiff's excessive use of force claim was the only remaining claim.  (Doc. No. 33.)

/////

1

On February 2, 2017, the court issued an order denying plaintiff's post-trial motions: (i) for an extension of time to submit a motion for a new trial and a notice of appeal, (Doc. Nos. 214–15); (ii) for a new trial, (Doc. Nos. 218, 235); (iii) to proceed *in forma pauperis* on appeal and for a new trial, (Doc. No. 230); (iv) for reconsideration of the court's October 17, 2016 order denying his motion for preparation of a trial transcript at government expense, (Doc. No. 231); (v) for authorization of post-trial juror interviews, (Doc. No. 234); (vi) for the undersigned to appear as a witness, (Doc. No. 234); and (vii) for videotape evidence in support of his motion for a new trial, (Doc. No. 237). (Doc. No. 238.) On March 7, 2017, the court issued an amended order denying many of those same motions. (Doc. No. 243.)

On April 24, 2017, plaintiff filed a Rule 60 motion for reconsideration of the court's order denying his motion for a new trial. (Doc. No. 247.) On June 5, 2017, plaintiff filed a motion for the return of funds removed from his trust account by the court. (Doc. No. 250.) For the following reasons, the court will grant plaintiff's motion for reconsideration in part and upon reconsideration confirms its order denying his motion for a new trial solely on its merits and deny plaintiff's motion for a return of funds.

**LEGAL STANDARD**

**ANALYSIS**

**A. Rule 60 Motion For Reconsideration**

Plaintiff moves for reconsideration of the court's order denying his motion for a new trial.

Federal Civil Procedure Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. "The law in this circuit is that errors of law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing

reconsideration under Rule 60(b)(1)-(5)).  The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff moves for reconsideration of the court's order denying his motion for a new trial.  Motions for a new trial are governed by Federal Civil Procedure Rule 59, which provides that any such motions "must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59.  Motions to alter or amend a judgment brought under Rule 59(e) must also be "filed no later than 28 days after the entry of judgment."  *Id.*  Under the "mailbox rule," motions filed by pro se prisoners are considered filed on the date they are delivered to prison authorities for forwarding to the district court.  *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (citing *Houston v. Lack*, 487 U.S. 266, 270–72 (1988)); *see also Hostler v. Groves*, 912 F.2d 1158, 1160–61 (9th Cir. 1990); *Jackson v. City of Pittsburgh*, No. 07-111, 2010 WL 4878795, at *1 (W.D. Penn. Nov. 24, 2010) (applying the mailbox rule to a motion for a new trial under Rule 59).

As noted, on March 7, 2017, this court issued its order denying plaintiff's motion for a new trial on two grounds.  (Doc. No. 243.)  First, the court concluded that the motion was untimely.  (Doc. No. 243 at 3.)  Specifically, the court noted that judgment was entered in favor

3

of defendants in this case on August 12, 2016, and that although the twenty eight day period for filing a motion for a new trial lapsed on September 9, 2016, plaintiff's motion for a new trial was not filed with the court until September 15, 2016.  (*Id.*)  Second, the court also concluded that on its merits, plaintiff's motion did not present any valid and supported grounds for the granting of a new trial.  (*Id.* at 3–4 n.3.)

Plaintiff moves for reconsideration of this order, arguing that the court erred in denying his motion for a new trial as untimely.  (Doc. No. 218.)  In particular, plaintiff contends that his motion for a new trial was timely under the "mailbox rule" because it was submitted to prison authorities for filing on September 8, 2016, within the twenty-eight day deadline.  (Doc. No. 249.)

Judgment was entered in this action in favor of defendants on August 12, 2016, and the twenty-eight-day period for filing a motion for a new trial lapsed on September 9, 2016.  (Doc. No. 209.)  While the court did not receive plaintiff's motion for filing until September 15, 2016 (Doc. No. 218), plaintiff has pointed to evidence suggesting that he delivered his motion for a new trial to prison authorities for filing on September 8, 2016.  As plaintiff notes, his original motion for a new trial is dated at the signature line as having been signed on September 8, 2016.  (Doc. No. 218.)  Plaintiff has also submitted a declaration stating that he submitted the motion for a new trial to prison authorities on September 8, 2016.  (Doc. No. 249 at 1.)  Therefore, upon reconsideration, the court now concludes that plaintiff's motion for a new trial was timely filed under the mailbox rule.  *See Guzman v. United States*, No. 05–214–ML, 2007 WL 141073, at *2 n. 4 (D. R.I. Jan. 17, 2007) ("[U]nder the mailbox rule, the motion will be considered filed as of the date it was signed." (citation omitted)); *Blackmer v. Warden*, No. 03–275–PB, 2004 WL 2823216, at *1 n. 1 (D. N.H. Dec. 9, 2004) (relying on "the date that appears on the petition" to establish the filing date).  *But see Parrila Sanes v. United States*, No. 98–123–PG, 2005 WL 1397431, at *7 (D. P.R. June 9, 2005) ("Petitioner signed his petition on September 24, 2002, which in itself is not conclusive.").  To the extent the court denied plaintiff's motion for a new trial on the grounds that the motion was untimely filed, that aspect of the order is withdrawn.

However, plaintiff's motion for reconsideration does not address the court's prior analysis of his Rule 59 motion for a new trial and the court's rejection of that motion on its merits.  In his

prior motion, plaintiff had requested a new trial based on the following grounds: (i) he did not have time to conduct adequate discovery prior to trial; (ii) the court erroneously dismissed the original defendants in the action; (iii) he was placed in segregated housing prior to trial and was denied access to necessary trial-preparation resources; (iv) jury misconduct and jury tampering occurred during trial; and (iv) the jury's verdict was against the clear weight of the evidence. (Doc. No. 218.) The court's March 7, 2017 order addressed plaintiff's motion for a new trial on its merits and rejected it, concluding that

> plaintiff's arguments are based entirely on speculation, and plaintiff fails to provide any non-conclusory allegations supporting his contentions of jury misconduct or mistake. To the extent plaintiff seeks to relitigate issues the court ruled upon prior to trial, such arguments are also inappropriate at this stage of the proceedings.

(Doc. No. 243 at 4, n.3.) Plaintiff's arguments in his Rule 60 motion now pending before the court do not undercut the conclusions reached by the court in denying his motion for a new trial on the merits. As such, plaintiff cannot meet his burden under Rule 60(b) to show that relief from the court's prior judgment is warranted. *See, e.g.*, *Cross v. Benedetti*, No. 3:08–CV–00403, 2012 WL 3252863, at *1 (D. Nev. Aug. 7, 2012) (denying reconsideration where the court "would have reached the same conclusion on the record presented in this case" even absent an intervening change in the law); *Norwood v. Vance*, No. CIV S–03–2554 GEB GGH P, 2011 WL 6293189, at *3 (E.D. Cal. Dec.15, 2011) (same), *report and recommendation adopted*, 2012 WL 394227 (E.D. Cal. Feb.6, 2012), *aff'd*, 517 F. App'x 557 (9th Cir. 2013).

Accordingly, the court will deny plaintiff's motion for reconsideration brought under Rule 60(b) of this court's order in which it denied his motion for a new trial on the merits.

**B.  Motion for Return of Funds**

Plaintiff also moves the court to order the return of funds taken from his trust account. (Doc. No. 250.)

Under Federal Civil Procedure Rule 54(d), costs other than attorney's fees "should be allowed to the prevailing party" in an action. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (enumerating expenses that a federal court may tax as a cost under Rule 54(d)). The Ninth Circuit has interpreted this rule to create a presumption in favor of awarding costs to the

prevailing party. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997). A district court must "specify reasons for its refusal to tax costs," but need not specify reasons for its "decision to abide the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (citations omitted).

In his pending motion, plaintiff argues that the court has unlawfully withdrawn funds from his trust account. (Doc. No. 250 at 1.) Plaintiff contends that this withdrawal of funds was unlawful due to his *in forma pauperis* ("IFP") status, and requests return of the funds. (Doc. No. 250 at 1.)

Though plaintiff does not specifically identify the action he challenges, the court construes his motion as challenging the court's taxation of costs, which the Clerk of this Court issued following trial in this action. (Doc. No. 244.) The court finds that such costs were properly assessed against plaintiff. As noted above, the court may properly tax costs in favor of a prevailing party pursuant to Federal Civil Procedure Rule 54 and 28 U.S.C. § 1915. Here, the court taxed costs based off the Bill of Costs submitted by defendants on August 18, 2016.[1] (Doc. No. 210.) The Bill of Costs related to solely to "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," costs specifically listed in 28 U.S.C. § 1920 as taxable. *See* 28 U.S.C. § 1920. Although plaintiff argues that his IFP status precludes an award of costs, "federal courts in California routinely award costs in prisoner civil rights cases in which the plaintiff is indigent." *Nicholson v. Medina*, No. 2:10–cv–01425–KJM–EFB, 2014 WL 824199, at *2 (E.D. Cal. Mar. 3, 2014) (awarding the prevailing defendant costs in the amount of $2,887.75 to be collected from plaintiff's prison trust account) (and cases cited therein); *see also* 28 U.S.C. § 1915(f)(2)(A) ("Proceedings in forma pauperis . . . If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered.").

/////

---

[1] Under Local Rule 292, "[t]he party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection." Plaintiff did not file objections to the costs claimed by defendants in their August 18, 2016 filing, and the deadline for doing so has lapsed.

Therefore, the court concludes that costs were properly taxed against plaintiff.  As such, his motion for return of funds must be denied.

### CONCLUSION

Accordingly, for the reasons set forth above:

1. Plaintiff's motion for reconsideration (Doc. No. 247) is granted in part with the denial of his motion for a new trial clarified as being based solely on the rejection of that motion on its merits and not on timeliness grounds; and

2. Plaintiff's motion for return of funds (Doc. No. 250) is denied.

IT IS SO ORDERED.

Dated: **July 26, 2017**                              /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE