UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CORRECTIONAL OFFICER S. RIOS and SERGEANT R. BRANNUM,<br><br>　　　　Defendants. | No. 1:12-cv-01516-DAD-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S RULE 60 <u>MOTION FOR RETURN OF FUNDS</u><br><br>(Doc. No. 257) |

　　　Plaintiff is a state prisoner who appeared pro se and was granted *in forma pauperis* status in this civil rights action which he filed pursuant to 42 U.S.C. § 1983. The undersigned presided over the trial of this action, which proceeded to jury trial on plaintiff's Fourth Amended Complaint wherein he alleged that the defendants had subjected him to the excessive use of force in violation of his rights under the Eighth Amendment. (Doc. No. 21.) On August 11, 2016, the jury returned a unanimous verdict in favor of defendants R. Brannum and S. Rios. (Doc. No. 206.)

　　　On June 5, 2017, plaintiff filed yet another of his many motions in this action, this one a motion for the return of funds removed from his trust account by the court. (Doc. No. 250.) The court denied plaintiff's motion on July 26, 2017. (Doc. No. 256.) On August 15, 2017, plaintiff filed a motion for reconsideration of that order. (Doc. No. 257.) Upon reconsideration and for

1

the reasons set forth below, the court denies plaintiff's motion for reconsideration and confirms its order denying plaintiff's motion for a return of funds.

Federal Civil Procedure Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." "The law in this circuit is that errors of law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff moves for reconsideration of the court's order denying his motion to return funds taken from his trust account. (Doc. No. 257.) Plaintiff argues that the court cannot tax costs against him for transcripts that were not used at trial. (*Id.*) Plaintiff is incorrect. The court may properly tax costs for "[f]ees for printed or electronically recorded transcripts necessarily

obtained for use in the case. . ." even if the materials were not used in trial.  28 U.S.C. § 1920(2); *see also* Local Rule *292(f)(3); Peacock v. Horowitz*, No. 2:13-CV-02506-TLN-AC, 2016 WL 7034874, at *2 (E.D. Cal. Dec. 2, 2016) (awarding costs for a copy of a deposition transcript, which was used to prepare for trial but not actually used during the trial); *Gregorie v. Alpine Meadows Ski Corp.*, No. CIV S-08-259 LKK/DAD, 2011 WL 590605, at *2 (E.D. Cal. Feb. 10, 2011) (taxing of costs for deposition transcripts if "the deposition reasonably seemed necessary at the time it was taken.") (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2676); Estate of Le Blanc v. City of Lindsay, No. CV-F-04-5971-DLB, 2007 WL 2900515, at *2 (E.D. Cal. Sept. 28, 2007) ("The transcripts need not be absolutely indispensable, it is enough if they are 'reasonably necessary.'").

Plaintiff also moves for reconsideration on the grounds that the transcripts cost a total of $290.00, but a greater amount was deducted from his trust account. (*Id.* at 2.) The Bill of Costs submitted by defendants on August 18, 2016 indicates that plaintiff was taxed $579.25 for fees related to transcripts. (Doc. No. 244.) However, plaintiff provides no documentation showing that the Bill of Costs is inaccurate, or that an amount deducted from his trust account exceeded the Bill of Costs. Without such evidence, the court finds that there are no new facts or circumstances that warrant reconsideration, and such costs were properly assessed against plaintiff. *See* Local Rule 230(j) (a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously).

Plaintiff also argues that the court cannot deduct funds from his trust account for taxation of costs because the funds actually belong to his mother. (*Id.*) The court denies reconsideration on this ground, finding no reason to conclude that funds present in plaintiff's prison trust account could be construed as belonging to anyone other than plaintiff, even if those funds were allegedly gifted to him. *See e.g., Duvigneaud v. Garcia*, No. 04CV580 BTMWMC, 2007 WL 2009800, at *3 (S.D. Cal. July 5, 2007) (assessing costs from plaintiff's prison trust account); *Nicholson v. Medina*, No. 2:10-CV-01425-KJM, 2014 WL 824199, at *2 (E.D. Cal. Mar. 3, 2014) (same).

Plaintiff's arguments in his Rule 60 motion now pending before the court do not in any way call into legitimate question the conclusions reached by the court in denying his original

3

motion for the return of funds.  As such, plaintiff cannot meet his burden under Rule 60(b) to show that relief from the court's prior judgment is warranted.  *See, e.g.*, *Cross v. Benedetti*, No. 3:08–CV–00403, 2012 WL 3252863, at *1 (D. Nev. Aug. 7, 2012) (denying reconsideration where the court "would have reached the same conclusion on the record presented in this case" even absent an intervening change in the law); *Norwood v. Vance*, No. CIV S–03–2554 GEB GGH P, 2011 WL 6293189, at *3 (E.D. Cal. Dec.15, 2011) (same), *report and recommendation adopted*, 2012 WL 394227 (E.D. Cal. Feb.6, 2012), *aff'd*, 517 F. App'x 557 (9th Cir. 2013).

**CONCLUSION**

Accordingly, for the reasons set forth above, the court plaintiff's motion for reconsideration (Doc. No. 257) of the court's order denying his motion for the return of funds is also denied.

IT IS SO ORDERED.

Dated: __**March 9, 2018**__

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE